```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X    Civil Action No.:
THELMA FELIPE,

              Plaintiff,                       '08 CIV 4317

        -against-                              NOTICE OF REMOVAL

TARGET CORPORATION and KINGSBRIDGE
ASSOCIATES, LLC.,                              Bronx County
                                               Index No.:
              Defendants-Petitioners.          302329/08
------------------------------------------X
```

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

Defendant, TARGET CORPORATION ("Petitioner") by its attorneys, SIMMONS, JANNACE & STAGG, L.L.P., SAL F. DELUCA, ESQ., of counsel, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1.  On or about March 21, 2008, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Bronx. A trial has not yet been had therein. A copy of the Summons and Complaint is annexed as **Exhibit "A"**. Petitioner has not yet served an Answer to plaintiff's Complaint.

2.  The action seeks monetary damages for personal injuries allegedly suffered by plaintiff, THELMA FELIPE, while she was inside a Target store. The plaintiff's complaint sounds in negligence.

3. The action involves a controversy between citizens of different states, in that: (a) Plaintiff is a citizen of the State of New York; and (b) Petitioner TARGET CORPORATION is now, and was at the time the action was commenced, a corporation incorporated in the State of Minnesota, with its principal place of business in the State of Minnesota.

4. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity between Petitioner and Plaintiff.

5. Plaintiff also sued the owner of the premises Kingsbridge Associates, LLC, a New York Domestic Limited Liability Company. However, upon information and belief, plaintiff did so solely in an effort to destroy diversity jurisdiction as Kingsbridge Associates, LLC is an absentee landlord, which did not operate or maintain the interior of the subject Target store where plaintiff's accident allegedly occurred. See, Worth Distrs. v. Lathan, 59 N.Y.2d 231, 464 N.Y.S.2d 435, 451 N.E.2d 193 (1983).

6. In addition, the amount in controversy exceeds $75,000.

7. This Notice of Removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Complaint and a confirmation that the amount in controversy exceeds

$75,000.00.

8. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

9. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Bronx, promptly after the filing of this Notice.

10. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

11. By filing this Notice of Removal, Petitioner does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over Petitioner, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, Petitioner prays that the above-captioned action now pending in the Supreme Court in the State of New York, County of Bronx, be removed therefrom to this Court.

Dated:    Syosset, New York
          May 7, 2008

                      SIMMONS, JANNACE & STAGG, L.L.P.
                      Attorneys for Defendant-Petitioner
                      TARGET CORPORATION

                      By:_____
                           Sal F. DeLuca (sd-2354)
                      **Office & P.O. Address**
                      75 Jackson Avenue
                      Syosset, New York 11791-3139
                      (516) 357-8100

TO:
MICHAEL J. ASTA, ESQ.
ASTA & ASSOCIATES, P.C.
Attorneys for Plaintiff
**Office & P.O. Address:**
450 Seventh Avenue, Suite 2205
New York, New York 10123
(212) 244-6555

Kingsbridge Associates, LLC
c/o Roy P. Kozupsky & Associates, LLP
Attn: William P. Walzer, Esq.
**Office & P.O. Address:**
10 E. 40th Street, Suite 1710
New York, New York 10016

4

Case 1:08-cv-04317-RJH    Document 1    Filed 05/07/2008    Page 5 of 14

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
THELMA FELIPE,

                        Plaintiff,

   -against-

TARGET CORPORATION and KINGSBRIDGE
ASSOCIATES, LLC.,

                        Defendant.
-----------------------------------------------------------------X

Index No:

302329/08

SUMMONS

The plaintiff has chosen
BRONX COUNTY
as the place of trial

The basis of venue is
Defendant's residence

To the above named Defendant(s):

     You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
       March 19, 2008

_____
MICHAEL J. ASTA

LAW OFFICES OF MICHAEL J. ASTA
450 Seventh Avenue, Suite 2205
New York, NY 10123
(212) 244-6555

TO: Target Corporation
     1000 Nicollet Mall TPN -12E
     Minneapolis MN 55403

Kingsbridge Associates, LLC
c/o Roy P. Kozupsky & Associates, LLP
Attn: William P. Walzer, Esq.
10 E. 40th Street Suite 1710
New York, NY 10016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X
THELMA FELIPE,

                        Plaintiff,

-against-

TARGET CORPORATION and KINGSBRIDGE
ASSOCIATES, LLC.,

                        Defendant.
----------------------------------------------------------------X

Index No:

**VERIFIED COMPLAINT**

    Plaintiff, by her attorney, MICHAEL J. ASTA, ESQ., complaining of the defendant, states on information and belief:

1. That at all time hereinafter mentioned Plaintiff was and is a resident of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned defendant, TARGET CORPORATION, INC. (TARGET) was and still is a foreign corporation authorized to do business in the State of New York.

3. That at all times hereinafter mentioned defendant, TARGET was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned defendant, KINGSBRIDGE was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned the defendant, TARGET conducted business within the City and State of New York with a place of business in the County of Bronx, State of New York.

7. That at all times hereinafter mentioned the defendant, KINGSBRIDGE conducted business within the City and State of New York with a place of business in the County of Bronx, State of New York.

8. That at all times hereinafter mentioned defendant KINGSBRIDE is a resident of the State of New York with a principal place of business at 99 Powerhouse Rd., Roslyn Heights, N.Y.

8. That at all time hereinafter mentioned KINGSBRIDGE owned the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York.

9. That at all time hereinafter mentioned KINGSBRIDGE managed the premises known as 40 W 225th Street, County of Bronx, State of New York.

10. That at all time hereinafter mentioned it was the duty of defendant, KINGSBRIDGE to inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

11. That at all time hereinafter mentioned defendant TARGET operated a store at the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York.

12. That at all time hereinafter mentioned defendant TARGET maintained the store on the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York.

13. That at all time hereinafter mentioned defendant TARGET controlled the store on the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York..

14. That at all time hereinafter mentioned defendant TARGET managed the store on the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York..

15. That at all time hereinafter mentioned it was the duty of defendant TARGET to inspect the store on the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

16. That at all times hereinafter mentioned, it was the duty of defendant TARGET to keep the store on the premises in a safe condition, free from hazards and dangerous conditions.

17. That at all times hereinafter mentioned, it was the duty of defendant TARGET to maintain the store on the premises in a safe condition, free from hazards and dangerous conditions.

18. That at all times hereinafter mentioned, it was the duty of defendant TARGET to manage the store on the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

19. That at all times hereinafter mentioned, it was the duty of defendant TARGET to supervise the store on the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

20. On or about September 9, 2007, the plaintiff was lawfully present at the aforementioned location.

21. On or about September 9, 2007, the plaintiff was an invitee at the aforementioned location.

22. On or about September 9, 2007, while at the aforementioned location the plaintiff was caused to slip and fall.

23. The defendants, their agents, servants, or employees were negligent, careless, and reckless in the ownership, operation, management, maintenance, and control of the aforementioned store and premises.

24. The defendants, their agents, servants, or employees created an unreasonably dangerous condition at the aforementioned premises.

25. The defendants their agents, servants, or employees, allowed an unreasonably dangerous condition to exist at the aforementioned premises.

26. The defendant their agents, servants, or employees had observed or should have observed that the premises was in a dangerous and hazardous condition.

27. The defendants their agents, servants, or employees, had actual or constructive notice of the above-mentioned unreasonably dangerous condition.

28. That on or about September 9, 2007 and for a considerable period of time prior thereto, the defendants, their agents, servants and/or employees had negligently, recklessly and carelessly caused, allowed and permitted the said premises to be, become and remain in a dangerous and defective condition for an unreasonably long and continuing period of time, thereby exposing guests and others lawfully on the said premises to an unreasonable risk of harm and the defendant, its agents, servants and/or employees, were otherwise reckless and careless in the premises.

29. That on September 9, 2007, while the plaintiff was lawfully and properly at the defendant's premises he was caused to fall because of slick, slippery, defective, poorly lit, dangerous and/or otherwise hazardous condition on the premises known and described as the Target Store located at 40 W 225th Street, Bronx, NY 10463, wherein and whereby the plaintiff was caused to sustain serious and severe personal injuries.

30. The acts and/or omissions of negligence committed by the defendant, its agents, servants and/or employees consisted of failing to properly and adequately maintain the said premises and its surface, in failing to post warning signs, barricades, and otherwise warning the plaintiff of the dangerous and hazardous condition; in failing to keep the premises free from defective and hazardous conditions which they knew or should have known constituted a danger and hazard to persons lawfully within the aforementioned premises; in failing to have sufficient inspections, repairs and maintenance done to the aforementioned premises; in

violating building department and administrative regulations; in improperly maintaining, cleaning and repairing the subject premises; in failing to use due care and caution in the premises; in being otherwise careless and negligent.

31. That by reason of the foregoing, plaintiff has been injured and suffered damages in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, along with fees, costs, and expenses.

Wherefore, the plaintiff demands judgment against the defendant in an amount that will fairly and adequately compensate her for the injuries she has suffered, an amount that will exceed the jurisdiction of the lower courts, and for such other and further relief as is deemed just and proper.

Dated: New York, NY
March 19, 2008

ASTA & ASSOCIATES, P.C.
450 Seventh Avenue, Suite 2205
New York, NY 10123
(212) 244-6555

## Verification

STATE OF NEW YORK)
                    ) ss:
COUNTY OF NEW YORK)

    Michael J. Asta an attorney duly admitted to practice law in the Courts of this State affirms the truth of the following under penalty of perjury and pursuant to Rule 2106 of the CPLR: I am the attorney of record for the plaintiff herein. I have read the annexed Summons and Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, as to those matters I believe them to be true. My knowledge is based upon conversations with the plaintiff and upon records on file in our office.

    The reason I make this verification instead of plaintiff, is because said plaintiff is not within the County where my firm maintains its office.

Dated: March 12, 2008
New York, NY

                                                     Michael J. Asta

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

THELMA FELIPE,

                                                      Plaintiff,

-against-

TARGET CORPORATION and KINGSBRIDGE
ASSOCIATES, LLC.,

                                                      Defendant,

## SUMMONS AND VERIFIED COMPLAINT

LAW OFFICES OF
**MICHAEL J. ASTA**

Attorney for

PLAINTIFF
450 SEVENTH AVENUE
SUITE 2205
NEW YORK, N.Y. 10123
TEL.: (212) 244-6555

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated:...................................... Signature ..................................................................................................

                                                 Print Signer's Name.....................................................................................

*Service of a copy of the within*                                                        *is hereby admitted.*

Dated:

                                                      *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐   that the within is a (certified) true copy of a
**NOTICE OF**   entered in the office of the clerk of the within-named Court on       20
**ENTRY**

☐   that an Order of which the within is a true copy will be presented for settlement to the
**NOTICE OF**   Hon.                            , one of the judges of the within-named Court,
**SETTLEMENT**   at
on                      20       , at            M.

Dated:

                                                                             LAW OFFICES OF
                                                                             **MICHAEL J. ASTA**
                                          *Attorney for*

                                                                             450 SEVENTH AVENUE
To:                                                                             SUITE 2205
                                                                            NEW YORK, N.Y. 10123

*Attorney(s) for*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THELMA FELIPE,

                 Plaintiff,

 -against-

TARGET CORPORATION and KINGSBRIDGE ASSOCIATES, LLC.,

                 Defendants-Petitioners.

## NOTICE OF REMOVAL

### SIMMONS, JANNACE & STAGG, L.L.P.

*ATTORNEYS for DEFENDANT-PETITIONER*
*TARGET CORPORATION*

Office & Post Office Address
**75 Jackson Avenue**
**Syosset, NY 11791-3139**
**(516) 357-8100**
FAX (516) 357-8111

To

Attorney(s) for

Service a copy of the within  is hereby admitted

Dated,

      Attorney(s) for           ..........................

Please take notice

**NOTICE OF ENTRY**
☐ that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on
**NOTICE OF SETTLEMENT**
☐ that an order of which the within is a true copy will be presented for settlement to the HON. one of the judges of the within Court, at

Dated,

                  Yours, etc.
              **SIMMONS, JANNACE & STAGG, L.L.P.**
            *ATTORNEYS for DEFENDANT-PETITIONER*
                *TARGET CORPORATION*
             Office & Post Office Address
              **75 Jackson Avenue**
             **Syosset, NY 11791-3139**

To

Attorney(s) for