UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

THELMA FELIPE,                                   **NOTICE OF MOTION FOR REMAND**

                Plaintiff,                    Docket.: 08 CV 4317

      -against-

                                Judges Assigned:
TARGET CORPORATION and                           Holwell, J.
KINGSBRIDGE ASSOCIATES, LLC.,                    Pitman, M.

                Defendants.
-------------------------------------------------------------X

       Upon the affirmation of Michael J. Asta, sworn to on May 15, 2008, the Plaintiff, Thelma

Felipe, will move this court at the United States Courthouse, Southern District of New York,

Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-

1312 on the 25th day of June 2008, at 9:30 a.m. for an order:

    a) Remanding this matter to The Supreme Court of the State of New York, County of

       Bronx, pursuant to 28 U.S.C. 1332;

    b) for such other and further relief as this court deems just and proper.

Dated: New York, New York
       May 22, 2008

                              *s/ Michael Asta*

                        _____
                        MICHAEL J. ASTA (MJA 1035)
                        LAW OFFICES OF MICHAEL J. ASTA
                        Attorneys for Defendants Roman and DeJesus
                        450 SEVENTH AVE., SUITE 2205
                        NEW YORK, N.Y. 10001
                        (212) 244-6555

TO:   SAL F. DELUCA, ESQ.
       SIMMONS, JANNACE & STAGG, LLP
       75 JACKSON AVENUE
       SYOSSET, NY 11791

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

THELMA FELIPE,                                        **AFFIRMATION IN SUPPORT**
                                                      **OF MOTION FOR REMAND**

                        Plaintiff,

                                                      Docket.: 08 CV 4317

             -against-

                                                      Judges Assigned:
TARGET CORPORATION and                                Holwell, J.
KINGSBRIDGE ASSOCIATES, LLC.,                         Pitman, M.

                        Defendants.
---------------------------------------------------------------X

       MICHAEL J. ASTA, an attorney duly licensed to practice before the courts of this state,

hereby affirms the following to be true under penalties of perjury.

       1.      I am counsel for the Plaintiff, Thelma Felipe (hereinafter, "Plaintiff Felipe")

herein, and as such am fully familiar with the facts and circumstances of this action.

       2.      This affirmation is submitted in support of Plaintiff Felipe's motion for Remand

pursuant to 28 U.S.C. 1332.

       3.      This action arises due to the negligence of Defendant Target Corporation

(hereinafter, "Defendant Target") and Defendant Kingsbridge Associates, LLC (hereinafter,

"Defendant Kingsbridge") on September 9, 2007 at the premises known as 40 West 225th Street,

#50, Bronx, New York. At that time, Plaintiff Felipe was caused to fall inside the premises due

to the dangerous and defective condition therein. Upon information and belief, Defendant Target

operated a business and Defendant Kingsbridge owned the premises.

       4.      As a result of her accident, Plaintiff Felipe suffered personal injuries. In her

Bronx County Supreme Court Complaint (Exhibit "A"), Plaintiff seeks damages "in a sum of

money having a present value that exceeds the jurisdictional value of the lower courts which

would otherwise have jurisdiction in the matter." Plaintiff did not plead a specific sum regarding

her claimed damages.

5.    Plaintiff Felipe commenced an action for personal injuries against Defendants in the Supreme Court of the State of New York, County of Bronx on March 21, 2008. This matter was noticed for removal by Defendant Target pursuant to 28 U.S.C. section 1441 and Defendant Target claims that this Honorable Court has jurisdiction pursuant to 28 U.S.C. section 1332.

6.    Also named as a Defendant is Kingsbridge Associates, LLC (hereinafter, "Defendant Kingsbridge"), the owner of the premises (Exhibit "B"). Defendant, Kingsbridge's principal place of business is located at 99 Powerhouse Road, Roslyn Heights, New York (Exhibit "C"). It is a corporate citizen of the State of New York.

7.    Based upon the facts of Plaintiff Felipe's claim and the status of Defendants Target's and Defendant Kingsbridge's corporate citizenship in New York State and the lack of evidence as to the value of her claim, Plaintiff Felipe submits that this matter should be remanded to the Supreme Court of New York, County of Bronx.

8.    Plaintiff Felipe is a citizen of the State of  New York and was so on March 21, 2008.

9.    Contrary to Defendant Target's *Notice of Removal*, there is no evidence to suggest that Defendant Target's principal place of business is Minnesota as alleged.

10.   Upon information and belief and based upon information obtained from Defendant Target's website, Defendant Target is and was, at the time of Plaintiff's accident, a Minnesota Corporation.

11.   Target's first store opened in Roseville, Minnesota, in 1962. Today, Target operates approximately 1,500 stores in 47 states, including more than 175 SuperTarget stores that include an in-store bakery, deli, meat and produce sections.

12.   Currently, there are 59 Target stores operating in the State of New York as well as a

distribution center. In 2007, Defendant Target employed 366,000 employees in its stores across

the United States. The overwhelming majority of its employees work in its retail stores and

distribution centers. The number of store employees vastly out number the Minnesota

headquarters personnel.

13.  For the reasons set forth herein along with the memorandum of law submitted in

support of Plaintiff Felipe's current application, it is respectfully submitted that this matter

should be remanded to the Supreme Court of the State of New York, County of Bronx due to

lack of jurisdiction pursuant to 28 U.S.C. 1332.


Dated: May 22, 2008
       New York, N.Y.

                                        s/ *Michael Asta*
                                        ------------------------------------------------
                                        MICHAEL J. ASTA (MJA 1035)

                                        LAW OFFICES OF MICHAEL J. ASTA
                                        Attorneys for Defendants Roman and DeJesus
                                        450 SEVENTH AVE., SUITE 2205
                                        NEW YORK, N.Y. 10123
                                        (212) 244-6555



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No:

---------------------------------------------------------X

THELMA FELIPE,

30239/08

Plaintiff,

**SUMMONS**

-against-

The plaintiff has chosen
BRONX COUNTY
as the place of trial

TARGET CORPORATION and KINGSBRIDGE
ASSOCIATES, LLC.,

The basis of venue is
Defendant's residence

Defendant.

---------------------------------------------------------X

To the above named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of your
answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the
Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service
(or within 30 days after the service is complete if this summons is not personally delivered to you
within the State of New York); and in case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
        March 19, 2008

MICHAEL J. ASTA

LAW OFFICES OF MICHAEL J. ASTA
450 Seventh Avenue, Suite 2205
New York, NY 10123
(212) 244-6555

TO:    Target Corporation
       1000 Nicollet Mall TPN -12E
       Minneapolis MN 55403

       Kingsbridge Associates, LLC
       c/o Roy P. Kozupsky & Associates, LLP
       Attn: William P. Walzer, Esq.
       10 E. 40th Street Suite 1710
       New York, NY 10016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No:

-----------------------------------------------------------------X

THELMA FELIPE,

                    Plaintiff,

**VERIFIED COMPLAINT**

    -against-

TARGET CORPORATION and KINGSBRIDGE
ASSOCIATES, LLC.,

                  Defendant.

-----------------------------------------------------------------X

      Plaintiff, by her attorney, MICHAEL J. ASTA, ESQ., complaining of the defendant, states on information and belief:

1. That at all time hereinafter mentioned Plaintiff was and is a resident of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned defendant, TARGET CORPORATION, INC. (TARGET) was and still is a foreign corporation authorized to do business in the State of New York.

3. That at all times hereinafter mentioned defendant, TARGET was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

5.  That at all times hereinafter mentioned defendant, KINGSBRIDGE was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned the defendant, TARGET conducted business within the City and State of New York with a place of business in the County of Bronx, State of New York.

7. That at all times hereinafter mentioned the defendant, KINGSBRIDGE conducted business within the City and State of New York with a place of business in the County of Bronx, State of New York.

8. That at all times hereinafter mentioned defendant KINGSBRIDE is a resident of the State of New York with a principal place of business at 99 Powerhouse Rd., Roslyn Heights, N.Y.

8. That at all time hereinafter mentioned KINGSBRIDGE owned the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York.

9. That at all time hereinafter mentioned KINGSBRIDGE managed the premises known as 40 W 225th Street, County of Bronx, State of New York.

10. That at all time hereinafter mentioned it was the duty of defendant, KINGSBRIDGE to inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

11. That at all time hereinafter mentioned defendant TARGET operated a store at the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York.

12. That at all time hereinafter mentioned defendant TARGET maintained the store on the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York.

13. That at all time hereinafter mentioned defendant TARGET controlled the store on the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York..

14. That at all time hereinafter mentioned defendant TARGET managed the store on the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York..

15. That at all time hereinafter mentioned it was the duty of defendant TARGET to inspect the store on the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

16. That at all times hereinafter mentioned, it was the duty of defendant TARGET to keep the store on the premises in a safe condition, free from hazards and dangerous conditions.

17. That at all times hereinafter mentioned, it was the duty of defendant TARGET to maintain the store on the premises in a safe condition, free from hazards and dangerous conditions.

18. That at all times hereinafter mentioned, it was the duty of defendant TARGET to manage the store on the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

19. That at all times hereinafter mentioned, it was the duty of defendant TARGET to supervise the store on the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

20. On or about September 9, 2007, the plaintiff was lawfully present at the aforementioned location.

21. On or about September 9, 2007, the plaintiff was an invitee at the aforementioned location.

22. On or about September 9, 2007, while at the aforementioned location the plaintiff was caused to slip and fall.

23. The defendants, their agents, servants, or employees were negligent, careless, and reckless in the ownership, operation, management, maintenance, and control of the aforementioned store and premises.

24. The defendants, their agents, servants, or employees created an unreasonably dangerous condition at the aforementioned premises.

25. The defendants their agents, servants, or employees, allowed an unreasonably dangerous condition to exist at the aforementioned premises.

26. The defendant their agents, servants, or employees had observed or should have observed that the premises was in a dangerous and hazardous condition.

27. The defendants their agents, servants, or employees, had actual or constructive notice of the above-mentioned unreasonably dangerous condition.

28. That on or about September 9, 2007 and for a considerable period of time prior thereto, the defendants, their agents, servants and/or employees had negligently, recklessly and carelessly caused, allowed and permitted the said premises to be, become and remain in a dangerous and defective condition for an unreasonably long and continuing period of time, thereby exposing guests and others lawfully on the said premises to an unreasonable risk of harm and the defendant, its agents, servants and/or employees, were otherwise reckless and careless in the premises.

29. That on September 9, 2007, while the plaintiff was lawfully and properly at the defendant's premises he was caused to fall because of slick, slippery, defective, poorly lit, dangerous and/or otherwise hazardous condition on the premises known and described as the Target Store located at 40 W 225th Street, Bronx, NY 10463, wherein and whereby the plaintiff was caused to sustain serious and severe personal injuries.

30. The acts and/or omissions of negligence committed by the defendant, its agents, servants and/or employees consisted of failing to properly and adequately maintain the said premises and its surface, in failing to post warning signs, barricades, and otherwise warning the plaintiff of the dangerous and hazardous condition; in failing to keep the premises free from defective and hazardous conditions which they knew or should have known constituted a danger and hazard to persons lawfully within the aforementioned premises; in failing to have sufficient inspections, repairs and maintenance done to the aforementioned premises; in

violating building department and administrative regulations; in improperly maintaining, cleaning and repairing the subject premises; in failing to use due care and caution in the premises; in being otherwise careless and negligent.

31. That by reason of the foregoing, plaintiff has been injured and suffered damages in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, along with fees, costs, and expenses.

Wherefore, the plaintiff demands judgment against the defendant in an amount that will fairly and adequately compensate her for the injuries she has suffered, an amount that will exceed the jurisdiction of the lower courts, and for such other and further relief as is deemed just and proper.

Dated: New York, NY
       March 19, 2008

ASTA & ASSOCIATES, P.C.
450 Seventh Avenue, Suite 2205
New York, NY 10123
(212) 244-6555

## Verification

STATE OF NEW YORK)

                    ) ss:

COUNTY OF NEW YORK)

       Michael J. Asta an attorney duly admitted to practice law in the Courts of this State affirms the truth of the following under penalty of perjury and pursuant to Rule 2106 of the CPLR: I am the attorney of record for the plaintiff herein. I have read the annexed Summons and Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, as to those matters I believe them to be true. My knowledge is based upon conversations with the plaintiff and upon records on file in our office.

       The reason I make this verification instead of plaintiff, is because said plaintiff is not within the County where my firm maintains its office.

Dated:March 12, 2008
New York, NY

                                           Michael J. Asta

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

THELMA FELIPE,

                                                    Plaintiff,

                        -against-

TARGET CORPORATION and KINGSBRIDGE
ASSOCIATES, LLC.,

                                                    Defendant,

## SUMMONS AND VERIFIED COMPLAINT

LAW OFFICES OF
**MICHAEL J. ASTA**

*Attorney for*

PLAINTIFF
450 SEVENTH AVENUE
SUITE 2205
NEW YORK, N.Y. 10123
TEL: (212) 244-6555

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated:.....................                    Signature ..................................................

                                               Print Signer's Name.........................................

*Service of a copy of the within*                              *is hereby admitted.*

*Dated:*

                                               *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐     that the within is a (certified) true copy of a
NOTICE OF   entered in the office of the clerk of the within-named Court on                        20
ENTRY

☐     that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF   Hon.                                   , one of the judges of the within-named Court,
SETTLEMENT   at
       on                          20      , at              M.

*Dated:*

                                               LAW OFFICES OF
                                               **MICHAEL J. ASTA**

                                *Attorney for*

*To:*                                          450 SEVENTH AVENUE
                                               SUITE 2205
                                               NEW YORK, N.Y. 10123

*Attorney(s) for*



## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2004061101473001002E5CA3

### RECORDING AND ENDORSEMENT COVER PAGE        PAGE 1 OF 11

| | | |
|---|---|---|
| Document ID: 2004061101473001 | Document Date: 06-09-2004 | Preparation Date: 06-14-2004 |

Document Type: EASEMENT
Document Page Count: 9

| PRESENTER: | RETURN TO: |
|---|---|
| FIRST AMERICAN NEW YORK OFFICE | PROSKAUER ROSE LLP |
| 633 THIRD AVENUE | 1585 BROADWAY |
| NEW YORK, NY 10017 | NEW YORK, NY 10036 |
| 212-922-9700 | ATTN: RONALD D. SERNAU, ESQ. |
| 300835479NYNYREC-CQR | |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| MANHATTAN | 2215 | 654 | Entire Lot | | 68 WEST 225 STREET |
| | Property Type: VACANT LAND | | | | |
| Borough | Block | Lot | | Unit | Address |
| MANHATTAN | 2215 | 657 | Entire Lot | | 90 WEST 225 STREET |
| | Property Type: VACANT LAND | | | | |
| x  Additional Properties on Continuation Page | | | | | |

### CROSS REFERENCE DATA

CRFN_____  or  Document ID_____  or _____ Year _____ Reel _____ Page _____  or File Number _____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| TARGET CORPORATION | KINGSBRIDGE ASSOCIATES, LLC |
| 1000 NICOLLET MALL TPN-12E | 99 POWERHOUSE ROAD, SUITE 102 |
| MINNEAPOLIS, MN 55403 | ROSLYN HEIGHTS, NY 11577 |

### FEES AND TAXES

| Mortgage | | | | Recording Fee: $ | 99.00 |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | Affidavit Fee:  $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | | $ | 50.00 |
| TAXES:  County (Basic): | $ | 0.00 | | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 0.00 | | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | | Recorded/Filed        07-09-2004 12:40 | |
| Additional MRT: | $ | 0.00 | | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | | 2004000428488 | |

*Rochelle Patrice*

*City Register Official Signature*



# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: KINGSBRIDGE ASSOCIATES, LLC

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | KINGSBRIDGE ASSOCIATES, LLC |
| **Initial DOS Filing Date:** | APRIL 09, 1999 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O ROY P. KOZUPSKY & ASSOCIATES, LLP
ATTN: WILLIAM P. WALZER, ESQ.
10 E. 40TH STREET, STE. 1710
NEW YORK, NEW YORK, 10016

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page   NYS Department of State Home Page

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

THELMA FELIPE,

                    Plaintiff,

              -against-

TARGET CORPORATION and
KINGSBRIDGE ASSOCIATES, LLC.,

                Defendants.

-------------------------------------------------------------X

Docket.: 08 CV 4317

Judges Assigned:
Holwell, J.
Pitman, M.


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF, THELMA FELIPE'S, MOTION FOR REMAND


LAW OFFICES OF MICHAEL J. ASTA
450 SEVENTH AVE., SUITE 2205
NEW YORK, N.Y. 10123
(212) 244-6555

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of Plaintiff, Donna Felipe's,

Motion to Remand pursuant to 28 U.S.C. 1332.

## FACTS

This action arises due to the negligence of Defendant Target Corporation

(hereinafter, "Defendant Target") while operating a department known as "Target" on

September 9, 2007 at the premises known as 40 West 225th Street, #50, Bronx, New York

(hereinafter "the Premises"). At that time, Defendant Kingsbridge Associates, LLC.

(hereinafter, "Defendant Kingsbridge") was the owner of the premises (Exhibit "A" of

Plaintiff's Attorney's Affirmation). Defendant Kingsbridge has its place of business

located at 99 Powerhouse Road, Roslyn Heights, New York and is a corporate citizen of

New York (Exhibit "B" of Plaintiff's Attorney's Affirmation). On September 9, 2007,

Plaintiff was caused to fall within the Premises due to the negligence of the Defendants.

As a result of her accident, Plaintiff Felipe suffered personal injuries.

## PROCEDURAL HISTORY

An action for personal injuries was commenced against Defendant Target and

Defendant Kingsbridge in the Supreme Court of the State of New York, County of Bronx

on March 21, 2008 (Exhibit "A" of Plaintiff's Attorney's Affirmation). This matter was

noticed for removal by Defendant Target pursuant to 28 U.S.C. section 1441(a).

Defendant Target claims that this Honorable Court has jurisdiction pursuant to 28 U.S.C.

section 1332.

## I. Standard for Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." <u>Kokkonen v. GuardianLife Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." <u>Caterpillar Inc. v. Williams,</u> 482 U.S. 386, 392 (1987). The existence of jurisdiction must be supported by a preponderance of the evidence. <u>Altimore v. Mount Mercy College</u>, 420 F.3d 763, 768 (8th Cir. 2005). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See* <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). The defendant bears the burden of establishing subject-matter jurisdiction. *See* <u>Wilson v. Republic Iron & Steel Co.,</u> 257 U.S. 92, 97 (1921).

## II. Discussion.

### This Court Lacks Diversity Jurisdiction over the Parties

### Pursuant to 28 U.S.C. § 1332

In deciding whether diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, a court must determine whether the parties are completely diverse and whether the amount in controversy exceeds $75,000. It is well-established that complete diversity exists when no defendant holds citizenship in a state where any plaintiff holds citizenship at the time of the lawsuit's filing. <u>Capitol Indem. Corp. v. Russellville Steel Co., Inc.,</u> 367 F.3d 831, 835 (8th Cir. 2003), 28 U.S.C. § 1332(c)(1). In recognition of the federalism concerns identified above, subject matter jurisdiction under § 1332(a)(2) has been interpreted to require *complete **diversity**,* such that the citizenship of each plaintiff must be different

3

from that of each defendant. <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 75-78 (1996). For

diversity purposes, a corporation is "deemed to be a citizen of any State by which it has

been incorporated and of the State where it has its principal place of business."

When determining a corporation's principal place of business, a court should look to the

"total activity of the company" or the "totality of the circumstances," considering "the

character of the corporation, its purposes, the kind of business in which it is engaged, and

the *situs* of its operations." <u>Amoco Rocmount Co. v. Anschutz Corp.</u>, 7 F.3d 909, 915 &

n.2 (10th Cir. 1993).

In the instant case, Plaintiff Felipe is a citizen of the State of  New York and was so on

March 21, 2008. Defendant Kingsbridge is also a corporate citizen of the State of New

York. For that reason alone, there is a lack of diversity between Plaintiff and the

Defendants. In its *Notice of Removal*, Defendant Target alleges that Plaintiff has sued

Defendant Kingsbridge solely as an attempt to destroy diversity between Defendant

Target and Plaintiff. Defendant Target's position lacks merit. Federal Courts have long

held a landlord may have a duty to a plaintiff in cases similar to the one at bar.  In

<u>Ciminelli v. Kohl's Department Stores, Inc.</u>, 2005 WL 3388607 (E.D.N.Y. 2005), the

Court held as follows:

> Liability for a dangerous condition on property is
> predicated upon ownership, occupancy, control, or special
> use of the property. <u>Rodriguez v. American Restaurant
> Ventures, Inc.</u>, 923 F.Supp. 598, 601 (S.D.N.Y.1996)
> (citing <u>Millman v. Citibank</u>, *N.A.*, 627 N.Y.S.2d 451, 452
> (N.Y.App.Div.1995)). Additionally, an out-of-possession
> landlord may be held liable for injuries sustained on his
> premises if it is contractually obligated to perform

> maintenance and repairs. <u>Seney v. Kee Assoc.</u>, 15 A.D.3d
> 383, 384, 790 N.Y.S.2d 170 (N.Y.App. Div.2d Dep't 2005).
>
> Here, both Kohl's, as the tenant of the property, and Shirley
> Drive-In, as the landlord who is contractually obligated to
> perform certain maintenance and repairs, have a duty of
> care to members of the public who enter the store.
> <u>Rodrigue</u>z, 923 F.Supp. at 601; Seney, 15 A.D.3d at 384.
> <u>Id</u>.

While Plaintiff Felipe bears the burden of proof as to whether Defendant Kingsbridge

owed Plaintiff a duty *vis-à-vis* the nature and extent of Defendant Kingsbridge's

ownership, occupancy, control, contractual obligation and/or special use of the Premises,

she must be permitted to establish her claim through discovery. The lack of diversity

herein is not negated simply because Defendant Target questions Plaintiff Felipe's

motives. Based on <u>Ciminelli</u>, Plaintiff Felipe properly sued Defendant Kingsbridge and,

therefore, no diversity exists in this matter.

Notwithstanding the lack of diversity between Plaintiff Felipe and Defendant

Kingsbridge, it is the position of the Plaintiff that Defendant Target is also a corporate

citizen of the State of New York. In its *Notice of Removal* Defendant Target asserts that it

is a Minnesota corporation with its principal place of business in Minnesota. Upon

information and belief based upon information obtained from Defendant Target's

website, Target's first store opened in Roseville, Minnesota, in 1962. Today, Target

operates approximately 1,500 stores in 47 states, including more than 175 SuperTarget

stores that include an in-store bakery, deli, meat and produce sections.

Currently, there are 59 Target stores operating in the State of New York as well as a

distribution center in Amsterdam, New York. Each New York Target store employs

hundreds of employees. In 2007, Target employed 366,000 employees in its stores across the country. It is clear that the overwhelming majority of Defendant Target's employees work in its retail stores and distribution centers. The number of store employees vastly out number the employees in its Minnesota headquarters.

Based on the Court of Appeals' opinion in the case of R.G. Barry Corporation v. Mushroom Makers, Inc., 612 F.2d 651 (2d Cir. 1979), Defendant Target would well be considered a citizen of New York. In that case, appeal was taken from a judgment of the United States District Court for the Southern District of New York, denying plaintiff's motion to remand an action for trademark dilution under New York law to state court and dismissing plaintiff's complaint. Judge Kaufman of the Court of Appeals held, *inter alia*, that: although plaintiff corporation's overall policies were set in Mississippi and much of its administrative and manufacturing requirements were contracted out to Mississippi firms, corporation was a citizen of New York for purposes of diversity jurisdiction where New York was the community in which it engaged in its most extensive contact with public and was the state in which the corporation maintained its only office and employed its sole full-time employee.

In making its determination, Judge Kauffman cited Inland Rubber Corp. v. Triple A Tire Service, Inc., 220 F.Supp. 490 (S.D.N.Y. 1963), which held as follows:

> When…corporate operations are centralized, courts have
> tended to deemphasize the concentration on the corporate
> "nerve center" and to focus instead upon the state in which
> a corporation has its most extensive contacts with, or
> greatest impact on, the general public. For example, in

> Inland Rubber Corp. v. Triple A Tire Service, Inc., 220
> F.Supp. 490 (S.D.N.Y. 1963), a corporation chartered and
> headquartered in Ohio was found also to be a citizen of
> New York, because…most of its employees and two-thirds
> of its sales were centered in New York. Id.

The R.G. Barry Court also relied on Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862, 865 (S.D.N.Y. 1959) in forming its decision. In Scot, the defendant sought to remove an action brought in a New York State court on the ground that it was a citizen of Connecticut. Judge Weinfeld held that even though Underwood had its largest production plant, greatest number of employees and principal assets in Connecticut, it was just as much of a seller as a manufacturer of typewriters. Underwood's greatest volume of sales occurred in California and New York. R.G. Barry Corporation v. Mushroom Makers, Inc., 612 F.2d 651 (2d Cir. 1979), *citing* Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862, 865 (S.D.N.Y. 1959).

Ultimately, The R.G. Barry case and Plaintiff Felipe's case have marked similarities. Judge Kaufman's reasoning, applied to the instant action, would support a remand. He held:

> Although the company's overall policies may be set in
> Mississippi and much of its administrative and
> manufacturing requirements contracted out to Mississippi
> firms, New York is the community in which Mushroom
> Makers engages in its most extensive contact with the
> public and the jurisdiction where it is least likely to suffer
> from 'local prejudice." If, indeed, the 'local prejudice'
> concept is not a relic of the past. Id. *emphasis added*

Defendant Target owns 59 stores in New York that employ thousands of workers. Each store has management staff in New York. The actual contact that Defendant Target has with the public is through its stores. It is unknown whether any of the employees in Defendant Target's Minnesota office have any contact with the public at all. Judge Kaufman also touched upon the increasingly antiquated notion of "local prejudice." Certainly, in New York City, where most of its citizens are non-natives and its businesses are of a national or international origin, it is hard to conceive that a Target store would be the victim of "local prejudice."

The second issue of relevance to Plaintiff Felipe's application is whether her claim exceeds the jurisdictional amount of $75,000. Pursuant to 28 U.S.C. § 1447, the party opposing the motion bears the burden of showing, by a preponderance of the evidence, and with competent proof, that the claim in question is in excess of the jurisdictional amount ($75,000). United Food & Commercial Workers Union v. CenterMark Prop., 30 F.3d 298, 304-305 (2d Cir.1994) [citation omitted]; R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir.1979) [citations omitted].

The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). ("[The defendant] has the burden [on the plaintiff's motion to remand] of proving that it appears to a reasonable probability that the [plaintiff's] claim is in excess of the statutory jurisdictional amount.... To determine whether that burden has been met, we look first to

8

the plaintiffs' complaint and then to [the defendant's] petition for removal.").

<u>Mehlenbacher v. Akzo Nobel Salt, Inc.</u>, 216 F.3d 291, 296 (2d Cir.2000).

Attached to Defendant Target's *Notice of Removal* is Plaintiff Felipe's Complaint. In her Complaint, Plaintiff Felipe has alleged that she has suffered personal injuries and is seeking a sum of money having a present value which "exceeds the limits of all lower courts." Plaintiff Felipe has not pleaded any specific sum with regard to her damages claimed or a specific injury. Moreover, Defendant Target's *Notice of Removal* is merely conclusory and does not offer any basis to suggest the nature of the dollar value of Plaintiff Felipe's claim. Consequently, based on <u>Caterpillar,</u> Defendant Target cannot bear its burden of demonstrating by a preponderance of evidence that Plaintiff Felipe's claim exceeds the jurisdictional amount of $75, 000.00.

## <u>CONCLUSION</u>

As set forth above, Defendant Target has failed to meet its burden, by a preponderance of the evidence, that there is diversity between the Plaintiff and all Defendants herein. Nor has Defendant Target established that value of Plaintiff Felipe's claim is in excess of $75,000. In viewing the totality of the factors involved with the corporate citizenry of Defendant Kingsbridge and Defendant Target's extensive contacts with the State of New York and the lack of evidence as to the value of Plaintiff Felipe's claim, it is respectfully submitted that this matter should properly be remanded to the Supreme Court of New York, County of Bronx along with such other and further relief as this court deems just and proper.

Dated:  May 22, 2008
      New York, N.Y.

*s/ Michael Asta*

_____
MICHAEL J. ASTA (MJA 1035)
LAW OFFICES OF MICHAEL J. ASTA
Attorney for Donna Felipe
450 SEVENTH AVE., SUITE 2205
NEW YORK, N.Y. 10123
(212) 244-6555