UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| THELMA FELIPE, | **AFFIRMATION IN SUPPORT OF MOTION FOR REMAND** |
| Plaintiff, | |
| | Docket.: 08 CV 4317 |
| -against- | |
| | Judges Assigned: |
| TARGET CORPORATION and | Holwell, J. |
| KINGSBRIDGE ASSOCIATES, LLC., | Pitman, M. |
| | |
| Defendants. | |

----------------------------------------------------------------X

MICHAEL J. ASTA, an attorney duly licensed to practice before the courts of this state, hereby affirms the following to be true under penalties of perjury.

1. I am counsel for the Plaintiff, Thelma Felipe (hereinafter, "Plaintiff Felipe") herein, and as such am fully familiar with the facts and circumstances of this action.

2. This affirmation is submitted in support of Plaintiff Felipe's motion for Remand pursuant to 28 U.S.C. 1332.

3. This action arises due to the negligence of Defendant Target Corporation (hereinafter, "Defendant Target") and Defendant Kingsbridge Associates, LLC (hereinafter, "Defendant Kingsbridge") on September 9, 2007 at the premises known as 40 West 225th Street, #50, Bronx, New York. At that time, Plaintiff Felipe was caused to fall inside the premises due to the dangerous and defective condition therein. Upon information and belief, Defendant Target operated a business and Defendant Kingsbridge owned the premises.

4. As a result of her accident, Plaintiff Felipe suffered personal injuries. In her Bronx County Supreme Court Complaint (Exhibit "A"), Plaintiff seeks damages "in a sum of money having a present value that exceeds the jurisdictional value of the lower courts which would otherwise have jurisdiction in the matter." Plaintiff did not plead a specific sum regarding

1

her claimed damages.

5. Plaintiff Felipe commenced an action for personal injuries against Defendants in the Supreme Court of the State of New York, County of Bronx on March 21, 2008. This matter was noticed for removal by Defendant Target pursuant to 28 U.S.C. section 1441 and Defendant Target claims that this Honorable Court has jurisdiction pursuant to 28 U.S.C. section 1332.

6. Also named as a Defendant is Kingsbridge Associates, LLC (hereinafter, "Defendant Kingsbridge"), the owner of the premises (Exhibit "B"). Defendant, Kingsbridge's principal place of business is located at 99 Powerhouse Road, Roslyn Heights, New York (Exhibit "C"). It is a corporate citizen of the State of New York.

7. Based upon the facts of Plaintiff Felipe's claim and the status of Defendants Target's and Defendant Kingsbridge's corporate citizenship in New York State and the lack of evidence as to the value of her claim, Plaintiff Felipe submits that this matter should be remanded to the Supreme Court of New York, County of Bronx.

8. Plaintiff Felipe is a citizen of the State of New York and was so on March 21, 2008.

9. Contrary to Defendant Target's *Notice of Removal*, there is no evidence to suggest that Defendant Target's principal place of business is Minnesota as alleged.

10. Upon information and belief and based upon information obtained from Defendant Target's website, Defendant Target is and was, at the time of Plaintiff's accident, a Minnesota Corporation.

11. Target's first store opened in Roseville, Minnesota, in 1962. Today, Target operates approximately 1,500 stores in 47 states, including more than 175 SuperTarget stores that include an in-store bakery, deli, meat and produce sections.

12. Currently, there are 59 Target stores operating in the State of New York as well as a

distribution center. In 2007, Defendant Target employed 366,000 employees in its stores across the United States. The overwhelming majority of its employees work in its retail stores and distribution centers. The number of store employees vastly out number the Minnesota headquarters personnel.

  13.  For the reasons set forth herein along with the memorandum of law submitted in support of Plaintiff Felipe's current application, it is respectfully submitted that this matter should be remanded to the Supreme Court of the State of New York, County of Bronx due to lack of jurisdiction pursuant to 28 U.S.C. 1332.

Dated: May 22, 2008
   New York, N.Y.

               s/ *Michael Asta*
              -------------------------------------------------
              MICHAEL J. ASTA (MJA 1035)

              LAW OFFICES OF MICHAEL J. ASTA
              Attorneys for Defendants Roman and DeJesus
              450 SEVENTH AVE., SUITE 2205
              NEW YORK, N.Y. 10123
              (212) 244-6555

"A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
THELMA FELIPE,

                 Plaintiff,

-against-

TARGET CORPORATION and KINGSBRIDGE
ASSOCIATES, LLC.,

                 Defendant.
------------------------------------------------------------X

Index No:

302309/08

SUMMONS

The plaintiff has chosen
BRONX COUNTY
as the place of trial

The basis of venue is
Defendant's residence

To the above named Defendant(s):

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
       March 19, 2008

                                  MICHAEL J. ASTA

LAW OFFICES OF MICHAEL J. ASTA
450 Seventh Avenue, Suite 2205
New York, NY 10123
(212) 244-6555

TO: Target Corporation
     1000 Nicollet Mall TPN -12E
     Minneapolis MN 55403

     Kingsbridge Associates, LLC
     c/o Roy P. Kozupsky & Associates, LLP
     Attn: William P. Walzer, Esq.
     10 E. 40th Street Suite 1710
     New York, NY 10016

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF BRONX<br>----------------------------------------------------------X | Index No: |
| THELMA FELIPE,<br><br>                          Plaintiff, | **VERIFIED COMPLAINT** |
|   -against-<br><br>TARGET CORPORATION and KINGSBRIDGE<br>ASSOCIATES, LLC.,<br><br>                          Defendant.<br>----------------------------------------------------------X | |

Plaintiff, by her attorney, MICHAEL J. ASTA, ESQ., complaining of the defendant, states on information and belief:

1. That at all time hereinafter mentioned Plaintiff was and is a resident of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned defendant, TARGET CORPORATION, INC. (TARGET) was and still is a foreign corporation authorized to do business in the State of New York.

3. That at all times hereinafter mentioned defendant, TARGET was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned defendant, KINGSBRIDGE was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned the defendant, TARGET conducted business within the City and State of New York with a place of business in the County of Bronx, State of New York.

7. That at all times hereinafter mentioned the defendant, KINGSBRIDGE conducted business within the City and State of New York with a place of business in the County of Bronx, State of New York.

8. That at all times hereinafter mentioned defendant KINGSBRIDE is a resident of the State of New York with a principal place of business at 99 Powerhouse Rd., Roslyn Heights, N.Y.

8. That at all time hereinafter mentioned KINGSBRIDGE owned the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York.

9. That at all time hereinafter mentioned KINGSBRIDGE managed the premises known as 40 W 225th Street, County of Bronx, State of New York.

10. That at all time hereinafter mentioned it was the duty of defendant, KINGSBRIDGE to inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

11. That at all time hereinafter mentioned defendant TARGET operated a store at the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York.

12. That at all time hereinafter mentioned defendant TARGET maintained the store on the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York.

13. That at all time hereinafter mentioned defendant TARGET controlled the store on the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York..

14. That at all time hereinafter mentioned defendant TARGET managed the store on the premises known as 40 W 225th Street # 50, County of Bronx, City and State of New York..

15. That at all time hereinafter mentioned it was the duty of defendant TARGET to inspect the store on the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

16. That at all times hereinafter mentioned, it was the duty of defendant TARGET to keep the store on the premises in a safe condition, free from hazards and dangerous conditions.

17. That at all times hereinafter mentioned, it was the duty of defendant TARGET to maintain the store on the premises in a safe condition, free from hazards and dangerous conditions.

18. That at all times hereinafter mentioned, it was the duty of defendant TARGET to manage the store on the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

19. That at all times hereinafter mentioned, it was the duty of defendant TARGET to supervise the store on the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

20. On or about September 9, 2007, the plaintiff was lawfully present at the aforementioned location.

21. On or about September 9, 2007, the plaintiff was an invitee at the aforementioned location.

22. On or about September 9, 2007, while at the aforementioned location the plaintiff was caused to slip and fall.

23. The defendants, their agents, servants, or employees were negligent, careless, and reckless in the ownership, operation, management, maintenance, and control of the aforementioned store and premises.

24. The defendants, their agents, servants, or employees created an unreasonably dangerous condition at the aforementioned premises.

25. The defendants their agents, servants, or employees, allowed an unreasonably dangerous condition to exist at the aforementioned premises.

26. The defendant their agents, servants, or employees had observed or should have observed that the premises was in a dangerous and hazardous condition.

27. The defendants their agents, servants, or employees, had actual or constructive notice of the above-mentioned unreasonably dangerous condition.

28. That on or about September 9, 2007 and for a considerable period of time prior thereto, the defendants, their agents, servants and/or employees had negligently, recklessly and carelessly caused, allowed and permitted the said premises to be, become and remain in a dangerous and defective condition for an unreasonably long and continuing period of time, thereby exposing guests and others lawfully on the said premises to an unreasonable risk of harm and the defendant, its agents, servants and/or employees, were otherwise reckless and careless in the premises.

29. That on September 9, 2007, while the plaintiff was lawfully and properly at the defendant's premises he was caused to fall because of slick, slippery, defective, poorly lit, dangerous and/or otherwise hazardous condition on the premises known and described as the Target Store located at 40 W 225th Street, Bronx, NY 10463, wherein and whereby the plaintiff was caused to sustain serious and severe personal injuries.

30. The acts and/or omissions of negligence committed by the defendant, its agents, servants and/or employees consisted of failing to properly and adequately maintain the said premises and its surface, in failing to post warning signs, barricades, and otherwise warning the plaintiff of the dangerous and hazardous condition; in failing to keep the premises free from defective and hazardous conditions which they knew or should have known constituted a danger and hazard to persons lawfully within the aforementioned premises; in failing to have sufficient inspections, repairs and maintenance done to the aforementioned premises; in

    violating building department and administrative regulations; in improperly maintaining, cleaning and repairing the subject premises; in failing to use due care and caution in the premises; in being otherwise careless and negligent.

31. That by reason of the foregoing, plaintiff has been injured and suffered damages in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, along with fees, costs, and expenses.

    Wherefore, the plaintiff demands judgment against the defendant in an amount that will fairly and adequately compensate her for the injuries she has suffered, an amount that will exceed the jurisdiction of the lower courts, and for such other and further relief as is deemed just and proper.

Dated: New York, NY  
       March 19, 2008

ASTA & ASSOCIATES, P.C.  
450 Seventh Avenue, Suite 2205  
New York, NY 10123  
(212) 244-6555

<u>Verification</u>

STATE OF NEW YORK)
                    ) ss:
COUNTY OF NEW YORK)

    Michael J. Asta an attorney duly admitted to practice law in the Courts of this State affirms the truth of the following under penalty of perjury and pursuant to Rule 2106 of the CPLR: I am the attorney of record for the plaintiff herein. I have read the annexed Summons and Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, as to those matters I believe them to be true. My knowledge is based upon conversations with the plaintiff and upon records on file in our office.

    The reason I make this verification instead of plaintiff, is because said plaintiff is not within the County where my firm maintains its office.

Dated: March 12, 2008
New York, NY

_____
Michael J. Asta

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

THELMA FELIPE,

                              Plaintiff,

-against-

TARGET CORPORATION and KINGSBRIDGE
ASSOCIATES, LLC.,

                              Defendant,

## SUMMONS AND VERIFIED COMPLAINT

LAW OFFICES OF
**MICHAEL J. ASTA**

*Attorney for*

PLAINTIFF

450 SEVENTH AVENUE
SUITE 2205
NEW YORK, N.Y. 10123
TEL: (212) 244-6555

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: ..................................   Signature ..................................

                              Print Signer's Name ..................................

*Service of a copy of the within*                               *is hereby admitted.*
Dated:

                              *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on        20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon.              , one of the judges of the within-named Court,
at
on          20    , at       M.

Dated:

                                                    LAW OFFICES OF
                                           **MICHAEL J. ASTA**
                       *Attorney for*

To:

                                                    450 SEVENTH AVENUE
                                                    SUITE 2205
                                                NEW YORK, N.Y. 10123

*Attorney(s) for*



"B"

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2004061101473001002E5CA3

## RECORDING AND ENDORSEMENT COVER PAGE   PAGE 1 OF 11

**Document ID:** 2004061101473001   **Document Date:** 06-09-2004   **Preparation Date:** 06-14-2004
**Document Type:** EASEMENT
**Document Page Count:** 9

| PRESENTER: | RETURN TO: |
|---|---|
| FIRST AMERICAN NEW YORK OFFICE<br>633 THIRD AVENUE<br>NEW YORK, NY 10017<br>212-922-9700<br>300835479NYNYREC-CQR | PROSKAUER ROSE LLP<br>1585 BROADWAY<br>NEW YORK, NY 10036<br>ATTN: RONALD D. SERNAU, ESQ. |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 2215 | 654  Entire Lot | | 68 WEST 225 STREET |

**Property Type:** VACANT LAND

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 2215 | 657  Entire Lot | | 90 WEST 225 STREET |

**Property Type:** VACANT LAND

x Additional Properties on Continuation Page

### CROSS REFERENCE DATA

CRFN _____ or Document ID _____ or _____ Year _____ Reel ____ Page ____ or File Number _____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| TARGET CORPORATION<br>1000 NICOLLET MALL TPN-12E<br>MINNEAPOLIS, MN 55403 | KINGSBRIDGE ASSOCIATES, LLC<br>99 POWERHOUSE ROAD, SUITE 102<br>ROSLYN HEIGHTS, NY 11577 |

### FEES AND TAXES

| Mortgage | | | | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Recording Fee: $ | 99.00 |
| Taxable Mortgage Amount: | $ | 0.00 | Affidavit Fee: $ | 0.00 |
| Exemption: | | | NYC Real Property Transfer Tax Filing Fee: $ | 50.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed     07-09-2004 12:40
City Register File No.(CRFN):
                   2004000428488

*Rochelle Patrico*
*City Register Official Signature*



"C"

# NYS Department of State

## Division of Corporations

### Entity Information

---

Selected Entity Name: KINGSBRIDGE ASSOCIATES, LLC

Selected Entity Status Information

**Current Entity Name:** KINGSBRIDGE ASSOCIATES, LLC
**Initial DOS Filing Date:** APRIL 09, 1999
**County:** NEW YORK
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC LIMITED LIABILITY COMPANY
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O ROY P. KOZUPSKY & ASSOCIATES, LLP
ATTN: WILLIAM P. WALZER, ESQ.
10 E. 40TH STREET, STE. 1710
NEW YORK, NEW YORK, 10016

**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results     New Search

Division of Corporations, State Records and UCC Home Page   NYS Department of State Home Page