UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

THELMA FELIPE,

          Plaintiff,

                                      Docket.: 08 CV 4317

    -against-

                                      Judges Assigned:
TARGET CORPORATION and           Holwell, J.
KINGSBRIDGE ASSOCIATES, LLC.,     Pitman, M.

          Defendants.
-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF, THELMA FELIPE'S, MOTION FOR REMAND

LAW OFFICES OF MICHAEL J. ASTA
450 SEVENTH AVE., SUITE 2205
NEW YORK, N.Y. 10123
(212) 244-6555

**PRELIMINARY STATEMENT**

This memorandum of law is submitted in support of Plaintiff, Donna Felipe's, Motion to Remand pursuant to 28 U.S.C. 1332.

**FACTS**

This action arises due to the negligence of Defendant Target Corporation (hereinafter, "Defendant Target") while operating a department known as "Target" on September 9, 2007 at the premises known as 40 West 225th Street, #50, Bronx, New York (hereinafter "the Premises"). At that time, Defendant Kingsbridge Associates, LLC. (hereinafter, "Defendant Kingsbridge") was the owner of the premises (Exhibit "A" of Plaintiff's Attorney's Affirmation). Defendant Kingsbridge has its place of business located at 99 Powerhouse Road, Roslyn Heights, New York and is a corporate citizen of New York (Exhibit "B" of Plaintiff's Attorney's Affirmation). On September 9, 2007, Plaintiff was caused to fall within the Premises due to the negligence of the Defendants. As a result of her accident, Plaintiff Felipe suffered personal injuries.

**PROCEDURAL HISTORY**

An action for personal injuries was commenced against Defendant Target and Defendant Kingsbridge in the Supreme Court of the State of New York, County of Bronx on March 21, 2008 (Exhibit "A" of Plaintiff's Attorney's Affirmation). This matter was noticed for removal by Defendant Target pursuant to 28 U.S.C. section 1441(a). Defendant Target claims that this Honorable Court has jurisdiction pursuant to 28 U.S.C. section 1332.

**I. Standard for Remand.**

2

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. GuardianLife Ins. Co. of Am., 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The existence of jurisdiction must be supported by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See* Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The defendant bears the burden of establishing subject-matter jurisdiction. *See* Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

## II. Discussion.

### This Court Lacks Diversity Jurisdiction over the Parties Pursuant to 28 U.S.C. § 1332

In deciding whether diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, a court must determine whether the parties are completely diverse and whether the amount in controversy exceeds $75,000. It is well-established that complete diversity exists when no defendant holds citizenship in a state where any plaintiff holds citizenship at the time of the lawsuit's filing. Capitol Indem. Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2003), 28 U.S.C. § 1332(c)(1). In recognition of the federalism concerns identified above, subject matter jurisdiction under § 1332(a)(2) has been interpreted to require *complete **diversity**,* such that the citizenship of each plaintiff must be different

3

from that of each defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 75-78 (1996). For diversity purposes, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

When determining a corporation's principal place of business, a court should look to the "total activity of the company" or the "totality of the circumstances," considering "the character of the corporation, its purposes, the kind of business in which it is engaged, and the *situs* of its operations." Amoco Rocmount Co. v. Anschutz Corp., 7 F.3d 909, 915 & n.2 (10th Cir. 1993).

In the instant case, Plaintiff Felipe is a citizen of the State of New York and was so on March 21, 2008. Defendant Kingsbridge is also a corporate citizen of the State of New York. For that reason alone, there is a lack of diversity between Plaintiff and the Defendants. In its *Notice of Removal*, Defendant Target alleges that Plaintiff has sued Defendant Kingsbridge solely as an attempt to destroy diversity between Defendant Target and Plaintiff. Defendant Target's position lacks merit. Federal Courts have long held a landlord may have a duty to a plaintiff in cases similar to the one at bar. In Ciminelli v. Kohl's Department Stores, Inc., 2005 WL 3388607 (E.D.N.Y. 2005), the Court held as follows:

> Liability for a dangerous condition on property is predicated upon ownership, occupancy, control, or special use of the property. Rodriguez v. American Restaurant Ventures, Inc., 923 F.Supp. 598, 601 (S.D.N.Y.1996) (citing Millman v. Citibank, *N.A.,* 627 N.Y.S.2d 451, 452 (N.Y.App.Div.1995)). Additionally, an out-of-possession landlord may be held liable for injuries sustained on his premises if it is contractually obligated to perform

4

> maintenance and repairs. Seney v. Kee Assoc., 15 A.D.3d 383, 384, 790 N.Y.S.2d 170 (N.Y.App. Div.2d Dep't 2005).
>
> Here, both Kohl's, as the tenant of the property, and Shirley Drive-In, as the landlord who is contractually obligated to perform certain maintenance and repairs, have a duty of care to members of the public who enter the store. Rodriguez, 923 F.Supp. at 601; Seney, 15 A.D.3d at 384. Id.

While Plaintiff Felipe bears the burden of proof as to whether Defendant Kingsbridge owed Plaintiff a duty *vis-à-vis* the nature and extent of Defendant Kingsbridge's ownership, occupancy, control, contractual obligation and/or special use of the Premises, she must be permitted to establish her claim through discovery. The lack of diversity herein is not negated simply because Defendant Target questions Plaintiff Felipe's motives. Based on Ciminelli, Plaintiff Felipe properly sued Defendant Kingsbridge and, therefore, no diversity exists in this matter.

Notwithstanding the lack of diversity between Plaintiff Felipe and Defendant Kingsbridge, it is the position of the Plaintiff that Defendant Target is also a corporate citizen of the State of New York. In its *Notice of Removal* Defendant Target asserts that it is a Minnesota corporation with its principal place of business in Minnesota. Upon information and belief based upon information obtained from Defendant Target's website, Target's first store opened in Roseville, Minnesota, in 1962. Today, Target operates approximately 1,500 stores in 47 states, including more than 175 SuperTarget stores that include an in-store bakery, deli, meat and produce sections.

Currently, there are 59 Target stores operating in the State of New York as well as a distribution center in Amsterdam, New York. Each New York Target store employs

hundreds of employees. In 2007, Target employed 366,000 employees in its stores across the country. It is clear that the overwhelming majority of Defendant Target's employees work in its retail stores and distribution centers. The number of store employees vastly out number the employees in its Minnesota headquarters.

Based on the Court of Appeals' opinion in the case of R.G. Barry Corporation v. Mushroom Makers, Inc., 612 F.2d 651 (2d Cir. 1979), Defendant Target would well be considered a citizen of New York. In that case, appeal was taken from a judgment of the United States District Court for the Southern District of New York, denying plaintiff's motion to remand an action for trademark dilution under New York law to state court and dismissing plaintiff's complaint. Judge Kaufman of the Court of Appeals held, *inter alia*, that: although plaintiff corporation's overall policies were set in Mississippi and much of its administrative and manufacturing requirements were contracted out to Mississippi firms, corporation was a citizen of New York for purposes of diversity jurisdiction where New York was the community in which it engaged in its most extensive contact with public and was the state in which the corporation maintained its only office and employed its sole full-time employee.

In making its determination, Judge Kauffman cited Inland Rubber Corp. v. Triple A Tire Service, Inc., 220 F.Supp. 490 (S.D.N.Y. 1963), which held as follows:

> When…corporate operations are centralized, courts have tended to deemphasize the concentration on the corporate "nerve center" and to focus instead upon the state in which a corporation has its most extensive contacts with, or greatest impact on, the general public. For example, in

> Inland Rubber Corp. v. Triple A Tire Service, Inc., 220 F.Supp. 490 (S.D.N.Y. 1963), a corporation chartered and headquartered in Ohio was found also to be a citizen of New York, because…most of its employees and two-thirds of its sales were centered in New York. Id.

The R.G. Barry Court also relied on Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862, 865 (S.D.N.Y. 1959) in forming its decision. In Scot, the defendant sought to remove an action brought in a New York State court on the ground that it was a citizen of Connecticut. Judge Weinfeld held that even though Underwood had its largest production plant, greatest number of employees and principal assets in Connecticut, it was just as much of a seller as a manufacturer of typewriters. Underwood's greatest volume of sales occurred in California and New York. R.G. Barry Corporation v. Mushroom Makers, Inc., 612 F.2d 651 (2d Cir. 1979), *citing* Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862, 865 (S.D.N.Y. 1959).

Ultimately, The R.G. Barry case and Plaintiff Felipe's case have marked similarities. Judge Kaufman's reasoning, applied to the instant action, would support a remand. He held:

> Although the company's overall policies may be set in Mississippi and much of its administrative and manufacturing requirements contracted out to Mississippi firms, New York is the community in which Mushroom Makers engages in its most extensive contact with the public and the jurisdiction where it is least likely to suffer from 'local prejudice." If, indeed, the 'local prejudice' concept is not a relic of the past. Id. *emphasis added*

7

Defendant Target owns 59 stores in New York that employ thousands of workers. Each store has management staff in New York. The actual contact that Defendant Target has with the public is through its stores. It is unknown whether any of the employees in Defendant Target's Minnesota office have any contact with the public at all. Judge Kaufman also touched upon the increasingly antiquated notion of "local prejudice." Certainly, in New York City, where most of its citizens are non-natives and its businesses are of a national or international origin, it is hard to conceive that a Target store would be the victim of "local prejudice."

The second issue of relevance to Plaintiff Felipe's application is whether her claim exceeds the jurisdictional amount of $75,000. Pursuant to 28 U.S.C. § 1447, the party opposing the motion bears the burden of showing, by a preponderance of the evidence, and with competent proof, that the claim in question is in excess of the jurisdictional amount ($75,000). United Food & Commercial Workers Union v. CenterMark Prop., 30 F.3d 298, 304-305 (2d Cir.1994) [citation omitted]; R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir.1979) [citations omitted].

The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). ("[The defendant] has the burden [on the plaintiff's motion to remand] of proving that it appears to a reasonable probability that the [plaintiff's] claim is in excess of the statutory jurisdictional amount.... To determine whether that burden has been met, we look first to

8

the plaintiffs' complaint and then to [the defendant's] petition for removal.").

Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir.2000).

Attached to Defendant Target's *Notice of Removal* is Plaintiff Felipe's Complaint. In her Complaint, Plaintiff Felipe has alleged that she has suffered personal injuries and is seeking a sum of money having a present value which "exceeds the limits of all lower courts." Plaintiff Felipe has not pleaded any specific sum with regard to her damages claimed or a specific injury. Moreover, Defendant Target's *Notice of Removal* is merely conclusory and does not offer any basis to suggest the nature of the dollar value of Plaintiff Felipe's claim. Consequently, based on Caterpillar, Defendant Target cannot bear its burden of demonstrating by a preponderance of evidence that Plaintiff Felipe's claim exceeds the jurisdictional amount of $75, 000.00.

## **CONCLUSION**

As set forth above, Defendant Target has failed to meet its burden, by a preponderance of the evidence, that there is diversity between the Plaintiff and all Defendants herein. Nor has Defendant Target established that value of Plaintiff Felipe's claim is in excess of $75,000. In viewing the totality of the factors involved with the corporate citizenry of Defendant Kingsbridge and Defendant Target's extensive contacts with the State of New York and the lack of evidence as to the value of Plaintiff Felipe's claim, it is respectfully submitted that this matter should properly be remanded to the Supreme Court of New York, County of Bronx along with such other and further relief as this court deems just and proper.

Dated:  May 22, 2008
       New York, N.Y.

                                        *s/ Michael Asta*

                                        _____
                                        MICHAEL J. ASTA (MJA 1035)
                                        LAW OFFICES OF MICHAEL J. ASTA
                                        Attorney for Donna Felipe
                                        450 SEVENTH AVE., SUITE 2205
                                        NEW YORK, N.Y. 10123
                                        (212) 244-6555