```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X     Civil   Action
THELMA FELIPE,                            No:
                                          08 CIV 4317
                Plaintiff,
                                          Judges
        -against-                         Assigned:
                                          Holwell, J
TARGET CORPORATION and KINGSBRIDGE        Pitman, M
ASSOCIATES, LLC,

                Defendants.

------------------------------------X
```

MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR A REMAND</u>

SIMMONS, JANNACE & STAGG, L.L.P.
Attorneys for Defendant
TARGET CORPORATION
**Office & P.O. Address:**
75 Jackson Avenue
Syosset, New York 11791
(516) 357-8100

Submitted By:
Kevin P. Simmons, Esq.

# Table of Contents

Table of Authorities ........................................ i, ii

Preliminary Statement ......................................... 1

Procedural and Factual Background ............................. 1

Argument:

   Point I:

   Plaintiff Refused to Stipulate That The Amount
   In Controversy Was Less Than $75,000 ....................... 2

   Point II:

   Plaintiff Cannot Avoid Diversity Jurisdiction
   By Her Fraudulent Joinder Of An Improper Party
   As A Defendant ............................................. 5

   Point III:

   TARGET Is A Minnesota Corporation .......................... 9

Conclusion ................................................... 16

**TABLE OF AUTHORITIES**

Ahmad v. City of New York, 298 A.D. 2d 473, 748 N.Y.S.
    2d 777 (2d Dep't. 2002) ................................8

Allied Programs Corp. v. Puritan Insurance Company,
    592 F Supp. 1274 (S.D.N.Y. 1984)......................5

American Mutual Services Corp. v. United Liability
    Ins. Co., F. Supp. 1082 (E.D.N.Y. 1968)...............5

Armstrong v. ADT Sec. Security, Inc., 2007 WL 187693
    (S.D.N.Y. 2007).......................................4

Arnold's Ice Cream Co. v. Carson, 330 F.Supp. 1185,
    1186 (E.D.N.Y. 1971).................................14

Bennett v. Berger, 283 A.D. 2d 374, 726 N.Y.S. 2d 22
    (1st Dep't. 2001) .................................... 8

Ciminelli v. Kohl's Department Stores, Inc., 2005 WL
    3388607 (E.D.N.Y. 2005)............................... 9

Compucon Distributors of New England, Inc. v. Cooper,
    685 F.Supp 424 (S.D.N.Y. 1988).......................10

Conk v. Richards & O'Neil, LLP, 77 F.Supp.2d 956, 971
    (S.D.Ind.1999).......................................6

D'Orlando v. Port Authority of NY & NJ, 250 A.D. 2d
    805, 674 N.Y.S. 2d 382 (2d Dep't. 1998) .............. 8

Eckers v. Suede, 294 A.D. 2d 533, 743 N.Y.S. 2d 129
    (2d Dep't. 2002)..................................... 8

Egan v. American Airlines, 324 F.2d 565 (2d Cir. 1963) ............13

Ellis v. Provident Life & Acc. Ins. Co., 929 F.Supp.
    751, 753 (S.D.N.Y. 1996).............................10

Eugenia VI Venture Holdings, LTD v. Chabra, et al, 419
    F.Supp. 2d 502 (S.D.N.Y. 2005).......................10

Farella v. Home Depot, 1997 WL 181166 (S.D.N.Y.)..........10, 11, 13

Federal Insurance Company v. Tyco International Ltd.
    422 F.Supp.2d 357, 378 (S.D.N.Y., 2006) .................. 6

i

Hood v. John Hancock Mutual Life Insurance Co., 216
    A.D. 2d 269, 628 N.Y.S. 2d 148 (2d Dep't. 1995) ............... 8

Inland Rubber Corp. v. Tripe A Tire Service, Inc., 220
    F. Supp. 490 (S.D.N.Y. 1963) ............................. 12, 13

Juarbe v. Kmart, 2005 WL 1994010 (S.D.N.Y., 2005)................. 4

Kelly v. United States Steel Corp., 284 F.2d 850, 854
    (3d Cir. 1960) ............................................... 14

Macchia v. Pathmark Stores, Inc., 2003 WL 151734
    (S.D.N.Y.)................................................ 10, 11

Magner v. Southland Corp., 261 A.D. 2d 450, 690 N.Y.S.
    2d 106 (2d Dep't. 1999)........................................ 8

Mehlenbacher v. Akzo Nobel Salt Inc., 216 F. 3d 291
    (2d Cir. 2000) ................................................ 3

Nosonowitz v. Alleghany Beverage Corp., 463 F. Supp.
    162 (S.D.N.Y. 1978)............................................ 5

Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459 (2d
    Cir. 1998)..................................................... 6

Pinnacle Consultants, Ltd. v. Leucadia National
    Corporation, 101 F.3d 900 (2d Cir. 1996)...................... 13

R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d
    651, 654 (2d Cir. 1979)............................... 10, 11, 12

Scot Typewriter Co. v. Underwood Corp., 170 F.Supp.
    862, 865 (S.D.N.Y. 1959)...................................... 11

**Statutes**

28 U.S.C. § 1332 ............................................. 1,14
28 U.S.C. § 1441 ................................................ 1

Defendant TARGET CORPORATION (hereinafter "TARGET") respectfully submits this Memorandum of Law in opposition to plaintiff's motion which seeks an Order remanding this matter to the Supreme Court of the State of New York, County of Bronx.

### PRELIMINARY STATEMENT

Target's removal of the present action to the Southern District Court was proper. Plaintiff's request for a remand is without merit. As will be discussed in further detail below, the elements of 28 U.S.C. § 1332 and §1441 have been satisfied. As a result, plaintiff's motion must be denied in its entirety.

### PROCEDURAL AND FACTUAL BACKGROUND

This is an action for personal injuries brought by Thelma Felipe. Plaintiff claims that on September 9, 2007, she was caused to slip and fall because of "slick, slippery, defective, poorly lit, danger and/or otherwise hazardous condition" inside a Target store located in the Bronx, New York 10463.

As a result of the alleged fall, plaintiff claims to have sustained "serious and severe personal injuries" but does not make any specific injury allegations. The Complaint also demands judgment against Target "in an amount that will exceed the jurisdiction of the lower courts". (Simmons Aff., Ex. "A"). Plaintiff does not demand a specific monetary amount in her complaint.

On May 5, 2008, a letter was sent to plaintiff's counsel

1

via facsimile advising counsel that Kingsbridge Associates, LLC ("Kingsbridge") was not a proper defendant as it did not maintain or operate the interior of the Target store. Plaintiff was provided with a stipulation to cap plaintiff's damages at $75,000 in order to avoid removal to Federal Court. (Simmons Aff., Ex. "B").

Plaintiff's counsel did not respond. Attempts to contact counsel via telephone to discuss this matter were unsuccessful (Simmons Aff., Ex. "C"). In light of plaintiff's refusal to cap her damages at $75,000, Target removed this matter to this Court on May 7, 2008 (Simmons Aff., Ex. "D"). Target's Answer was served on May 13, 2008 (Simmons Aff., Ex. "E").

Plaintiff opposes Target's removal on three erroneous and disingenuous grounds: (1) there is no evidence that the amount in controversy exceeds $75,000; (2) Kingsbridge, a New York corporation, is a proper defendant thus destroying diversity; and (3) Target should be considered a New York resident. As discussed below, plaintiff's contentions are without merit and therefore plaintiff's motion must be denied.

### POINT I

**PLAINTIFF REFUSED TO STIPULATE THAT THE AMOUNT IN CONTROVERSY WAS LESS THAN $75,000**

Plaintiff's complaint does not set forth an amount in controversy. (Simmons Aff., Ex. "A"). Target does not have the

2

obligation to prove the amount in controversy to an absolute certainty. Instead, it need only establish that there is a reasonable probability that the claim is in excess of the statutory jurisdictional amount. *See* Mehlenbacher v. Akzo Nobel Salt Inc., 216 F.3d 291 (2d Cir. 2000).

Plaintiff's complaint alleges that she sustained "serious and severe injuries". Plaintiff disingenuously states that there is no indication that the amount in controversy exceeds $75,000 yet fails to advise the Court that plaintiff refused to sign Target's proposed stipulation to limit her total recovery to $75,000.

To determine whether the amount in controversy does, in fact, exceed $75,000, a formal demand and proposed stipulation to cap damages was sent to plaintiff's counsel on May 5, 2008 but it was never executed or returned (Simmons Aff., Ex. "B"). In light of plaintiff's refusal to cap her damages at $75,000, there exists reasonable probability that the damages sought exceed $75,000. Signing said stipulation would have eliminated the issue of whether the amount in controversy exceeded $75,000 and would have allowed this matter to remain in State Court. Plaintiff chose not to sign such a stipulation and is estopped from denying that the alleged damages exceed $75,000.

Plaintiff had two opportunities to establish that the amount in controversy does not exceed the $75,000 jurisdictional

3

limit and has failed to do so. The first was upon receipt of defendant's stipulation. The second opportunity occurred upon the filing of the present motion to remand. In her motion, plaintiff could have easily asserted that the claimed damages do not exceed $75,000, thus mandating a remand, but she consciously chose not to do so. Rather, plaintiff seeks to divest Target of its entitlement to Federal Court jurisdiction while remaining silent on the actual assessed value of the case.

In Juarbe v. Kmart, 2005 WL 1994010 (S.D.N.Y., 2005), a case with almost identical facts to the case herein, the United States District Court for the Southern District of New York held that defendant's contention that the amount in controversy was more than $75,000 was supported by plaintiff's vague boilerplate complaint and the fact that defendant had offered to stipulate to remand the case to state court if plaintiff would agree to limit her recovery to $75,000 and plaintiff refused to sign such a stipulation. Cf. Armstrong v. ADT Sec. Security, Inc., 2007 WL 187693 (S.D.N.Y. 2007) [Court considered plaintiff's refusal to sign stipulation limiting recovery below $75,000 in its decision to deny plaintiff's motion to remand].

In light of the above, particularly plaintiff's strategic refusal to stipulate to limit her recovery to $75,000, it is clear that there is a reasonable probability that the amount in controversy exceeds $75,000 and therefore the amount in

4

controversy element for purposes of diversity jurisdiction has been satisfied.

## POINT II

### PLAINTIFF CANNOT AVOID DIVERSITY JURISDICTION BY HER FRAUDULENT JOINDER OF AN IMPROPER PARTY AS A DEFENDANT

Plaintiff included Kingsbridge as a defendant and alleged that Kingsbridge, as the owner of the property, owned, managed, inspected or maintained the interior of the Target store.

Despite being advised that Kingsbridge has no responsibility for the interior of the subject Target store, plaintiff argues that Kingsbridge is a proper defendant. It is well settled that

> "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal merely by joining as defendants parties who are not truly related to the cause of action but who happen to be residents of the state where the action is brought." *See* Allied Programs Corp. v. Puritan Insurance Company, 592 F Supp. 1274 (S.D.N.Y. 1984).

Joinder will be considered fraudulent when there can be no recovery under the law of the state on the cause of action alleged. *See* Allied Programs Corp., 592 F. Supp. 1274, Nosonowitz v. Alleghany Beverage Corp., 463 F. Supp. 162 (S.D.N.Y. 1978), American Mutual Services Corp. v. United Liability Ins. Co., F. Supp. 1082 (E.D.N.Y. 1968). A plaintiff "may not defeat a Federal Court's jurisdiction and a defendant's

5

right of removal by merely joining as defendants parties with no real connection with the controversy." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). "Fraudulent joinder occurs when a plaintiff purposefully attempts to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." Federal Insurance Company v. Tyco International Ltd. 422 F.Supp.2d 357, 378 (S.D.N.Y., 2006) *citing* Conk v. Richards & O'Neil, LLP, 77 F.Supp.2d 956, 971 (S.D.Ind.1999) (citing 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3723, at 656-57 (3d Ed.).

As revealed in the Operation and Easement Agreement dated February 5, 2002 (Simmons Aff., Ex. "F"), Target and Kingsbridge own different parcels/buildings in a property situated on the same Block Number (the "site"). Pursuant to the Operation and Easement Agreement ("OEA"), Target and Kingsbridge entered into an agreement governing the development of the site, the joint maintenance of the "common areas" of the site and granted each party an easement over the common areas of the site. Pursuant to section 1.8 of the OEA, "Common Areas" are defined as the "(i) all areas within the exterior boundaries of the Site (other than the portions of the Site where Buildings are located) and

6

(ii) the New Parking Facility…" Kingsbridge has no responsibility for the interior of the Target store.

Furthermore, as the affidavit of the subject store's Facility Technician, Cosmin Barbu, indicates, Kingsbridge did not manage, inspect or otherwise maintain the interior of the Target store. (Simmons Aff., Ex. "G"). Maintenance obligations were the responsibility of Target. Plaintiff's argument that discovery should be allowed for plaintiff to establish her claim against Kingsbridge lacks merit. The evidence here - an admission by Target that it maintained the inside of its store - is sufficient to establish that plaintiff's claim against Kingsbridge lacks merit under any interpretation of New York law.

In its motion for remand, plaintiff attaches a Recording and Endorsement Cover Page of the NYC Department of Finance in support of her allegation that Kingsbridge was the owner of the Target store. This document however is merely indicative that an easement agreement was filed and has nothing to do with the ownership or the maintenance responsibilities of the interior of the Target store. As the evidence establishes, Kingsbridge has nothing to do with the management or maintenance inside Target.

Assuming, arguendo, that Kingsbridge was the landlord of the Target store, it is well settled that an out of possession landlord may not be held liable for an accident that takes place

7

on the premises. See <u>Ahmad v. City of New York</u>, 298 A.D.2d 473, 748 N.Y.S.2d 777 (2d Dep't. 2002), <u>Eckers v. Suede</u>, 294 A.D.2d 533, 743 N.Y.S.2d 129 (2d Dep't. 2002), <u>Magner v. Southland Corp.</u>, 261 A.D.2d 450, 690 N.Y.S.2d 106 (2d Dep't. 1999), <u>D'Orlando v. Port Authority of NY & NJ</u>, 250 A.D.2d 805, 674 N.Y.S.2d 382 (2d Dep't. 1998), <u>Hood v. John Hancock Mutual Life Insurance Co.</u>, 216 A.D.2d 269, 628 N.Y.S.2d 148 (2d Dep't. 1995).

An out of possession landlord does not owe a duty to plaintiff to maintain the area where the accident took place; as that responsibility belongs to another entity pursuant to an agreement. See <u>Bennett v. Berger</u>, 283 A.D.2d 374, 726 N.Y.S.2d 22 (1st Dep't. 2001). In <u>Ahmad</u>, plaintiff sued an out of possession landlord for personal injuries as a result of a slip and fall on a sidewalk. <u>Ahmad</u>, 748 N.Y.S.2d at 777. The Appellate Division, Second Department held that summary judgment should have been granted in favor of the out of possession landlord and dismissed the complaint. <u>Id.</u> In doing so, it held that the landlord had demonstrated that it had no duty to maintain the premises and it did not actually do so.

Kingsbridge is further removed from potential liability than the defendant in <u>Ahmad</u> as the plaintiff herein alleges that her accident occurred <u>inside</u> the Target store, an area which was not maintained by Kingsbridge. As indicated by the affidavit of

8

Cosmin Barbu, Kingsbridge did not have any responsibilities to maintain the interior of the Target store. (See Simmons Aff., Ex "G").

Plaintiff's reliance on <u>Ciminelli v. Kohl's Department Stores, Inc.</u>, 2005 WL 3388607 (E.D.N.Y. 2005) is misplaced as the landlord therein was "<u>contractually obligated</u>" to perform maintenance and repairs on the roof which leaked and caused plaintiff's accident (emphasis added). Thus, in <u>Ciminelli</u>, there was a nexus between the landlord's actual performance of work on the property and plaintiff's claim. This factual nexus is totally absent here.

### Point III

### TARGET IS A MINNESOTA CORPORATION

Target is a foreign corporation incorporated under the laws of the State of Minnesota, with its principal place of business located in Minneapolis, Minnesota. (Simmons Aff., Exhibit "H"). For purposes of diversity jurisdiction, a corporation is deemed a citizen of any State by which it has been incorporated (the State of Minnesota in Target's case) and of the State where it has its principal place of business (the State of Minnesota in Target's case).

Plaintiff claims that defendant's principal place of business is in New York State without any factual or legal support. Had she checked with the New York Secretary of State,

9

she would have learned otherwise. Defendant's filing with the Secretary of State clearly states that it is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota (Simmons Aff., Ex. "I"). Furthermore, the evidence clearly establishes that Minnesota is defendant's principal place of business, not New York. (Simmons Aff., Ex. "H").

In determining where a corporation has its principal place of business for diversity jurisdiction purposes, the Second Circuit recognizes two tests: (1) the nerve center test and (2) the "place of operations" or "locus of operations" test. R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979); Eugenia VI Venture Holdings, LTD v. Chabra, et al, 419 F.Supp.2d 502, 506 (S.D.N.Y. 2005); Ellis v. Provident Life & Acc. Ins. Co., 929 F.Supp. 751, 753 (S.D.N.Y. 1996).

The nerve center test is used in cases, such as this, where the defendant has stores operating in several states. Macchia v. Pathmark Stores, Inc., 2003 WL 151734, 1 (S.D.N.Y.); Farella v. Home Depot, 1997 WL 181166, 1 (S.D.N.Y.). "The nerve center test is designed to locate the principal place of business of corporations which have substantial operations, other than executive support, in more than one state." Compucon Distributors of New England, Inc. v. Cooper, 685 F.Supp 424, 425 (S.D.N.Y. 1988). Pursuant to this test, the principal place of business is where the "nerve center" of its business is located.

10

This is the state "from which [the corporation] radiates out to its constituent parts and from which the officers direct, control and coordinate all activities without regard to locale, in furtherance of corporate objectives." R.G. Barry Corp., 612 F.2d at 654 *citing* Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862, 865 (S.D.N.Y. 1959).

In Macchia v. Pathmark, the Southern District Court applied the "nerve center" test and concluded that Pathmark's principal place of business was in New Jersey because its executive office and headquarters were located there, despite the fact that Pathmark conducted a significant amount of business in New York. Similarly, this District, in applying the "nerve center" test to Home Depot held that its principal place of business was in Georgia, the state where it conducted its business policy and made its management decisions. The fact that Home Depot had many stores in New York State was of no consequence. Farella, 1997 WL 181166 at 1.

As demonstrated by the affidavit of Jason Walbourn, Minneapolis, Minnesota is indisputably the state where the "nerve center" of Target is located (Simmons Aff., Ex. "H"). The evidence establishes that: (1) defendant's corporate headquarters are located in Minnesota; (2) the defendant's Board of Directors meets in Minnesota and is scheduled to meet in Minnesota; (3) executive level policymaking and substantive

11

decisions are made in Minnesota; (4) the defendant's corporate executive officers have their offices in Minnesota; (5) the day to day operations of the corporation are run from Minnesota; (6) each individual store manager must operate his/her store in conformity with policies and procedures that are ultimately approved or formulated in Minnesota and (7) corporate executive officers direct, coordinate and control the activities of the corporation from Minnesota. (Simmons Aff., Ex. "H", ¶¶ 3-8).

Target's principal place of business under the "nerve center" test is Minnesota. As stated in the affidavit of Jason Walbourn, the corporate headquarters of Target is located in Minnesota. Minneapolis is Target's headquarters for all of its executive and administrative operations, including but not limited to its human resources, merchandising, marketing, property development, finance and store operations. (Simmons Aff., Ex. "H", ¶¶ 4-6).

Plaintiff's reliance on R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651 (2d Cir. 1979) and Inland Rubber Corp. v. Tripe A Tire Service, Inc., 220 F. Supp. 490 (S.D.N.Y. 1963) is misplaced as those cases are clearly distinguishable. In R.G. Barry, the Court held that the subject corporation was a citizen of New York for jurisdictional purposes because its *most extensive contact* with the public was in New York *and* that was the state where the corporation's clothing line was designed,

12

the fabric was selected, the finished product was advertised and sold, the accounts receivables were financed, where it maintained its *only office* and employed its *sole* full-time employee (emphasis added). In the present case, none of the above decisive factors considered by the Court in R.G. Barry are applicable to Target.

In Inland Rubber, the Court in applying a "nerve center" test found that a corporation with activities in New York and Florida had its principal place of business in New York because that was where the corporation maintained an office from which the corporation's general manager, credit manager, assistant treasurer and sales promotion manager took "general charge" of the corporation's New York and Florida operations. Applying the analysis in Inland Rubber, "general charge" of the Target's operations is in Minnesota.

Conversely, New York is merely where defendant operates a small fraction of its stores. Indeed, defendant is clearly **not** a citizen of New York for diversity purposes. Cf. Egan v. American Airlines, 324 F.2d 565 (2d Cir. 1963) (defendant's principal place of business was in New York because that was where its management and control emanated, notwithstanding the fact that a vast majority of its activities occurred outside New York). It is clear that Target conducts it business and makes management decisions in Minnesota. See Farella v. Home Depot,

13

1997 WL 181166, 1 (S.D.N.Y.) *citing* Pinnacle Consultants, Ltd. v. Leucadia National Corporation, 101 F.3d 900 (2d Cir. 1996).

Even under the "place of operations" or public impact test, New York is **not** defendant's principal place of business. That test provides that "if any one state contains a substantial predominance of corporate operations, including personnel, as compared to any other single state, then in that state lies the 'principal place of business' of the corporation within the meaning of 28 U.S.C. § 1332(c)." Inland Rubber Corporation v. Triple A Tire Service, Inc., 220 F.Supp. at 495. The factors to be considered in determining the principal place of business are whether the state is the one in which the corporation has the vast majority of its activity, see e.g., Arnold's Ice Cream Co. v. Carson, 330 F.Supp. 1185, 1186 (E.D.N.Y. 1971); the most personnel, see e.g., Kelly v. United States Steel Corp., 284 F.2d 850, 854 (3d Cir. 1960); the greatest productive capacity, see e.g., Id.; or where the largest amount of the corporation's tangible property is located. See, e.g., Id..

Here, it is apparent that New York is not the state where defendant has the predominance of its operations, the majority of its activity, or its most extensive contact with the public. Rather, Target is a multistate corporation, with stores in 47 states but ultimate control emanates from Minneapolis, Minnesota. (Simmons Aff., Ex. "H").

14

More importantly, plaintiff herself does not allege that New York is the state where Target has its most extensive contact with the public. Rather plaintiff alleges that Target should be deemed to have its principal place of business in New York because an "overwhelming majority of Defendant Target's employees work in its retail and distribution centers" throughout the country thus "vastly out number[ing] the number of employees in its Minnesota headquarters". Plaintiff's counsel misinterprets the law. There is no case that supports an argument that New York is Target's principal place of business because many of its employees work in other states.

Plaintiff does not, and cannot allege that New York is the state where plaintiff maintains the vast majority of its activity, the most personnel, the greatest productive capacity, or where the largest amount of the corporation's tangible property is located. New York is but one state of many where defendant has stores. As indicated by plaintiff, 59 of defendant's 1591 stores (less than 4 percent) are located in New York. The location of the substantial corporate activity of defendant's business is in Minneapolis, Minnesota, the home of its corporate operations.

## CONCLUSION

Plaintiff's motion should be denied in its entirety and it is respectfully requested that this Court grant defendant such other and further relief as this Court deems just and proper.

Dated:   Syosset, New York
         June 20, 2008

>     Yours etc.,
>
>     **SIMMONS, JANNACE & STAGG, L.L.P.**
>
>
>     By: /s/Kevin P. Simmons
>         KEVIN P. SIMMONS (ks-7818)
>     Attorneys for Defendant
>     TARGET CORPORATION
>     **Office & P.O. Address:**
>     75 Jackson Avenue
>     Syosset, New York 11791-3139
>     (516) 357-8100