UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

THELMA FELIPE,

                Plaintiff,

-against-

TARGET CORPORATION and
KINGSBRIDGE ASSOCIATES, LLC.,

                Defendants.
----------------------------------------------------------X

**REPLY**
**AFFIDAVIT IN SUPPORT**
**OF MOTION FOR REMAND**

Docket.: 08 CV 4317

Judges Assigned:
Holwell, J.
Pitman, M.

State of New York  )
                         . ss.:
County of New York )

      MICHAEL J. ASTA, an attorney duly admitted to practice law in the Southern District of New York, being duly sworn states as follows:

      1.     I am counsel for the Plaintiff, Thelma Felipe (hereinafter, "Plaintiff Felipe") herein, and as such am fully familiar with the facts and circumstances of this action.

      2.     This reply affirmation is submitted in support of Plaintiff Felipe's motion for Remand pursuant to 28 U.S.C. 1332 to the Supreme Court, County of Bronx.

      3.     In Defendant, Target Corporation's (hereinafter, "Target"), Affirmation in Opposition to Plaintiff Felipe's motion, it provides information to this Court that conclusively establishes that remand to State Supreme Court, Bronx County, is proper. In Exhibit "D" of Target's opposition, Cosmin Barbu, a Target employee, informs this Court by way of Affidavit, that he or she is employed by Target and is responsible for overseeing all preventative maintenance and equipment repairs at the store. He or she also advises that on September 9, 2007, Target maintained a contract with Prestige Maintenance to "sweep, mop, clean and otherwise maintain the floor inside the target store." (Exhibit "D," Defendant Target's Affirmation in Opposition to Plaintiff's Motion to Remand).

1

4. Since Prestige Maintenance Services, Inc. was actively involved in the maintenance of the Target store in which Plaintiff was injured, it is, therefore, an essential party to this litigation and Plaintiff will be amending her complaint to include Prestige Maintenance Services, Inc. as a defendant. The New York State Department of State, Division of Corporations records reveal that Prestige Maintenance Services, Inc. is a New York domestic business corporation, having an address at P.O. Box 120266, St. Albans, New York 11412 (Exhibit "A").

5. Consequently, by Defendant's own admission, Prestige Maintenance Services, Inc., is an essential party in this litigation. Since Prestige Maintenance Services, Inc. is a New York State domestic business corporation, notwithstanding the other pertinent issues raised by Plaintiff, diversity will be a legal impossibility pursuant to 28 U.S.C. 1332, when Plaintiff amends her complaint.

6. For the reasons set forth herein along with the memorandum of law submitted in support of Plaintiff Felipe's current application, it is respectfully submitted that this matter should be remanded to the Supreme Court of the State of New York, County of Bronx due to lack of jurisdiction pursuant to 28 U.S.C. 1332.

---

MICHAEL J. ASTA (MJA 1035)
LAW OFFICES OF MICHAEL J. ASTA
Attorney for Plaintiff Felipe
450 SEVENTH AVE., SUITE 2205
NEW YORK, N.Y. 10123
(212) 244-6555

Sworn to before me on this
27th day of June, 2008

_____
Notary Public

MAXINE G. ESTEVES
Notary Public State of New York
No. 01ES6156038
Qualified in Bronx County
Commission Expires November 20, 20_10_

2

"A"

# NYS Department of State

## Division of Corporations

### Entity Information

---

Selected Entity Name: PRESTIGE MAINTENANCE SERVICES INC.

Selected Entity Status Information

**Current Entity Name:** PRESTIGE MAINTENANCE SERVICES INC.
**Initial DOS Filing Date:** AUGUST 24, 2005
**County:** SUFFOLK
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
PRESTIGE MAINTENANCE SERVICES INC.
PO BOX 120266
ST ALBANS, NEW YORK, 11412

**Chairman or Chief Executive Officer**
PAULA ELEM
PO BOX 120266
ST. ALBANS, NEW YORK, 11412

**Principal Executive Office**
PRESTIGE MAINTENANCE SERVICES INC.
118-32 201ST STREET
ST ALBANS, NEW YORK, 11412

**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results        New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# NYS Department of State

## Division of Corporations

### Entity Information

---

Selected Entity Name: PRESTIGE MAINTENANCE & DEVELOPMENT CO., INC.

Selected Entity Status Information

**Current Entity Name:** PRESTIGE MAINTENANCE & DEVELOPMENT CO., INC.
**Initial DOS Filing Date:** JANUARY 23, 2001
**County:** ERIE
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
PRESTIGE MAINTENANCE & DEVELOPMENT CO., INC.
110 ORANGE AVENUE
WALDEN, NEW YORK, 12586

**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: PRESTIGE MAINTENANCE CO., INC.

Selected Entity Status Information

**Current Entity Name:** PRESTIGE MAINTENANCE CO., INC.
**Initial DOS Filing Date:** JANUARY 18, 2002
**County:** ULSTER
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
PRESTIGE MAINTENANCE CO., INC.
19 ORCHARD DRIVE
GARDINER, NEW YORK, 12525

**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THELMA FELIPE,

            Plaintiff,

    -against-

TARGET CORPORATION and
KINGSBRIDGE ASSOCIATES, LLC.,

           Defendants.
------------------------------------------------------------X

Docket.: 08 CV 4317

Judges Assigned:
Holwell, J.
Pitman, M.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF, THELMA FELIPE'S, MOTION FOR REMAND

LAW OFFICES OF MICHAEL J. ASTA
450 SEVENTH AVE., SUITE 2205
NEW YORK, N.Y. 10123
(212) 244-6555

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted in support of Plaintiff, Donna Felipe's, Motion to Remand pursuant to 28 U.S.C. 1332.

## FACTS

In supplement to its moving memorandum of law, the following facts have recently been revealed to Plaintiff Felipe: In Exhibit "D" of its Target's opposition to the instant application, Cosmin Barbu, a Target employee, informs this Court by way of Affidavit, that he or she is employed by Target and is responsible for overseeing all preventative maintenance and equipment repairs at the store. He or she also advises that on September 9, 2007, Target maintained a contract with Prestige Maintenance Services, Inc., to "sweep, mop, clean and otherwise maintain the floor inside the target store." (Exhibit "D," Defendant Target's Affidavit in Opposition to Plaintiff's Motion to Remand). Prestige Maintenance Services, Inc. was actively involved in the maintenance of the Target store in which Plaintiff was injured, and is, therefore, an essential party to this litigation. Plaintiff will be amending her complaint to include Prestige Maintenance Services, Inc. as a defendant. The New York State Department of State, Division of Corporations records reveal that Prestige Maintenance Services, Inc. is a New York domestic business corporation, having an address at P.O. Box 120266, St. Albans, New York 11412 (Exhibit "A" of Plaintiff's Reply Affidavit).

Consequently, by Defendant's own admission, Prestige Maintenance Services, Inc. is an essential party in this litigation. Since Prestige Maintenance Services, Inc. is a New York State domestic business corporation, notwithstanding the other pertinent issues

raised by Plaintiff, diversity will be a legal impossibility pursuant to 28 U.S.C. 1332, when Plaintiff amends her complaint.

## II. Discussion.

### This Court Lacks Diversity Jurisdiction over the Parties Pursuant to 28 U.S.C. § 1332

Plaintiff respectfully reasserts the arguments she set forth in her memorandum of law in support of her motion to remand pursuant to 28 U.S.C. § 1332. In its opposition papers, Defendant Target has raised various legal arguments. They will be addressed individually.

Firstly, Target's asserts that Juarbe v. Kmart, 2005 WL 1994010 (S.D.N.Y., 2005) justifies the denial of remand by this Court. However, that case actually supports Plaintiff Felipe's position. It holds, "where…jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with 'competent proof' and justify its allegations by a preponderance of the evidence." Id. Defendant Target did no such thing. It did not provide this Court with any proof of a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount. Id. (citations omitted). The case of Armstrong v. ADT Sec. Security, Inc., 2007 WL 187693 (S.D.N.Y. 2007) is dissimilar from this case in that the plaintiff in Armstrong amended his complaint to claim damages in the sum certain of $70,000 in order to avoid federal jurisdiction. Clearly, that is not the case herein as Plaintiff has not alleged a sum certain in her complaint.

Target also claims that by virtue of the fact that Plaintiff Felipe did not sign a stipulation limiting recovery to $75,000, Plaintiff Felipe's application should be denied. Defendant Target argues that Plaintiff should be "estopped" from seeking remand,

3

however, it does not set forth any legal authority for such a position. Again, the burden is squarely upon the Defendant to establish a reasonable probability that Plaintiff Felipe's claim amount is in excess of the jurisdictional amount.

Secondly, Defendant Target concludes that Defendant Kingsbridge "has nothing to do with the management or maintenance inside Target" and was fraudulently brought into this litigation by Plaintiff. It is respectfully submitted that the extent of Defendant Kingsbridge's liability is not properly for summary determination by Defendant Target. It is an issue that must be fully explored through the discovery process. Again, Plaintiff Felipe relies on <u>Ciminelli v. Kohl's Department Stores, Inc.</u>, 2005 WL 3388607 (E.D.N.Y. 2005) as its authority, as was fully set forth in her moving memorandum.

Notwithstanding the lack of diversity between Plaintiff Felipe and Defendant Kingsbridge and Target as was set forth in her moving memorandum, it is also the position of Plaintiff that a newly revealed party, Prestige Maintenance Services, Inc., will also destroy diversity in this matter. In Exhibit "D" of its Target's opposition to the instant application, Cosmin Barbu, a Target employee, informs this Court by way of Affidavit, that he or she is employed by Target and is responsible for overseeing all preventative maintenance and equipment repairs at the store. He or she also advises that on September 9, 2007, Target maintained a contract with Prestige Maintenance Services, Inc., to "sweep, mop, clean and otherwise maintain the floor inside the target store." (Exhibit "D", Defendant Target's Affidavit in Opposition to Plaintiff's Motion to Remand). Prestige Maintenance Services, Inc. was actively involved in the maintenance of the Target store in which Plaintiff was injured, and is, therefore, an essential party to

4

this litigation. Plaintiff will be amending her complaint to include Prestige Maintenance Services, Inc. as a defendant. The New York State Department of State, Division of Corporations records reveal that Prestige Maintenance Services, Inc. is a New York domestic business corporation, having an address at P.O. Box 120266, St. Albans, New York 11412. This additional future defendant will also destroy diversity in this matter. As was set forth previously, in recognition of the federalism concerns identified above, subject matter jurisdiction under § 1332(a)(2) has been interpreted to require *complete diversity,* such that the citizenship of each plaintiff must be different from that of each defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 75-78 (1996). For diversity purposes, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

## CONCLUSION

As set forth above, Defendant Target has failed to meet its burden, by a preponderance of the evidence, that there is diversity between the Plaintiff and all Defendants herein. Nor has Defendant Target established that value of Plaintiff Felipe's claim is in excess of $75,000. In viewing the totality of the factors involved with the corporate citizenry of Defendant Kingsbridge, future defendant Prestige Maintenance Services, Inc., and Defendant Target's extensive contacts with the State of New York and the lack of evidence as to the value of Plaintiff Felipe's claim, it is respectfully submitted that this matter should properly be remanded to the Supreme Court of New York, County of Bronx along with such other and further relief as this court deems just and proper.

Dated: June 27, 2008
      New York, N.Y.

*s/ Michael Asta*

---

MICHAEL J. ASTA (MJA 1035)
LAW OFFICES OF MICHAEL J. ASTA
Attorney for Plaintiff Donna Felipe
450 SEVENTH AVE., SUITE 2205
NEW YORK, N.Y. 10123
(212) 244-6555