UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X   Civil Action No:
THELMA FELIPE,                           08 CIV 4317

              Plaintiff,       Judges Assigned:
                               Holwell, J
    -against-                          Pitman, M


TARGET CORPORATION and KINGSBRIDGE
ASSOCIATES, LLC,


              Defendants.

------------------------------------X


## MEMORANDUM OF LAW IN SUR REPLY TO PLAINTIFF'S MOTION FOR A REMAND


              SIMMONS, JANNACE & STAGG, L.L.P.
              Attorneys for Defendant
              TARGET CORPORATION
              **Office & P.O. Address:**
              75 Jackson Avenue
              Syosset, New York 11791
              (516) 357-8100

Submitted By:
Kevin P. Simmons, Esq.

**PRELIMINARY STATEMENT**

In her Reply Affirmation and Reply Memorandum of Law, plaintiff raises a new and equally meritless allegation that the possible addition of Target Corporation's (hereinafter "Target") maintenance company, Prestige Maintenance USA, will destroy diversity jurisdiction. As discussed below, Prestige Maintenance USA is not presently a party to the action and therefore cannot possibly destroy diversity jurisdiction. Furthermore, plaintiff has identified the wrong maintenance company. The correct entity is a foreign corporation and thus cannot destroy diversity jurisdiction in this matter. As a result, plaintiff's motion must be denied in its entirety.

**POINT I**

**PLAINTIFF HAS NOT AMENDED HER COMPLAINT TO ASSERT A CLAIM AGAINST A NON-DIVERSE PARTY**

Plaintiff's allegation that the possible addition of "Prestige Maintenance Services, Inc." to the lawsuit requires that the matter be remanded to state court is flawed since Prestige Maintenance USA is not presently a party to the action. A pleading may be amended once as a matter of course any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). After removal, leave of the court is required to add a non-diverse party. See Springer-Penguin, Inc. v. Jugoexport, 648 F.Supp. 468, 469 (S.D.N.Y.1986).

1

Plaintiff has neither amended her complaint as a matter of course nor sought leave of the Court to do so. Remanding this matter to state court would be premature. The fact that plaintiff may at some point in the future seek to amend her Complaint against an alleged non-diverse party, does not destroy diversity jurisdiction at the present time.

While joinder may be allowed following removal even though it would destroy diversity jurisdiction, the Court will be "entitled to scrutinize plaintiff's motives and examine other circumstances before granting plaintiff's motion in the exercise of its discretion." McIntyre v. Codman & Shurtleff, 103 F.R.D. 619, 622 (S.D.N.Y. 1984) (Court should determine whether joinder comports with "fundamental fairness," according to a number of factors); Grogan v. Babson Bros. Co. of Illinois, 101 F.R.D. 697, 699-700 (N.D.N.Y. 1984) (Court should give "serious consideration to the motive underlying plaintiff's motion."). See also Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1376 (9th Cir.1980) (Court should look with "particular care" at plaintiff's motive.).

As Prestige Maintenance USA is not presently a party to the action and plaintiff has not obtained leave of the Court to amend her complaint, the possible addition of Prestige Maintenance is of no consequence at this stage of the litigation.

2

## **POINT II**

### **PRESTIGE MAINTENANCE USA IS NOT A NEW YORK CORPORATION**

Notwithstanding the fact that Prestige Maintenance USA is not a party to the action, it is respectfully submitted that, even if joined, the addition of Prestige Maintenance USA would not destroy diversity jurisdiction.

Plaintiff incorrectly asserts that the maintenance company retained by Target is "Prestige Maintenance Services, Inc.". Plaintiff's reply also annexes the New York State Division of Corporation's Entity Information for three incorrect corporations: Prestige Maintenance Services, Inc., Prestige Maintenance & Development Co., Inc. and Prestige Maintenance Co., Inc. None of which are the corporations referenced in the Service Agreement. (Simmons Aff., Ex. "A"). The fact that those three entities are domestic corporations is irrelevant since they have no relationship to plaintiff's claims.

As set forth in the Service Agreement, the correct entity name is "Prestige Maintenance USA". (Simmons Reply Aff., Ex. "A"). As further indicated therein, Prestige Maintenance USA maintains its principal office in Plano, Texas. In a pleading in an unrelated action, Prestige Maintenance USA admitted to being incorporated in the State of Texas. (Simmons Aff., Ex. "B" and "C" para. 31). These documents show that Prestige Maintenance USA is incorporated in the state of Texas.

3

Plaintiff has failed to provide any evidence that Prestige Maintenance USA is a New York corporation. As a result of the foregoing, it is respectfully submitted that the addition of Prestige Maintenance USA would not destroy diversity jurisdiction.

## CONCLUSION

Plaintiff's motion should be denied in its entirety and it is respectfully requested that this Court grant defendant such other and further relief as this Court deems just and proper.

Dated:   Syosset, New York
         July 16, 2008

                                    Yours etc.,

                                    **SIMMONS, JANNACE & STAGG, L.L.P.**


                                    By: /s/Kevin P. Simmons
                                        KEVIN P. SIMMONS (ks-7818)
                                    Attorneys for Defendant
                                    TARGET CORPORATION
                                    **Office & P.O. Address:**
                                    75 Jackson Avenue
                                    Syosset, New York 11791-3139
                                    (516) 357-8100