UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THELMA FELIPE,

                              Plaintiff,

      -against-                                08 Civ. 4317 (RJH)

                                                          **MEMORANDUM**

TARGET CORPORATION, and                  **OPINION AND ORDER**
KINGSBRIDGE ASSOCIATES, LLC

                              Defendant.

---

      Before the Court is plaintiff Thelma Felipe's motion to remand this action to state court. Plaintiff alleges that on or about September 9, 2007, she slipped and fell while inside a store ("store") operated, maintained, controlled, and managed by defendant Target Corporation ("Target"). Plaintiff brought suit against defendants in the Supreme Court of the State of New York, County of Bronx, seeking to recover for severe injuries resulting from her fall. Plaintiff alleges that Target, as the manager or operator of the store in which plaintiff was injured, and Kingsbridge, as owner of the premises on which the store sits, were negligent in their upkeep of the store. Plaintiff asked for damages "in an amount that will exceed the jurisdiction of the lower courts" but does not provide a specific amount in her complaint. (Simmons Aff. Ex. A.)

      On May 5, 2008, counsel for defendant Target sent a letter to plaintiff's counsel stating that Kingsbridge is not a proper defendant because they are not responsible for the maintenance and operation of the store's premises. The letter also provided a stipulation to cap plaintiff's damages at $75,000 to avoid removal to federal court. Plaintiff declined

to execute the stipulation.  Defendant Target then removed the case to federal court on the basis of diversity jurisdiction.  For the reasons stated below, the plaintiff's motion to remand is denied.

## DISCUSSION

Plaintiff claims that this Court does not have diversity jurisdiction because 1) defendant has not shown that plaintiff's claim exceeds the jurisdictional amount of $75,000 pursuant to 28 U.S.C. § 1332; and 2) the parties lack complete diversity as required by § 1332.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.").  For the following reasons, plaintiff's motion to remand is denied.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441.  Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States."  28 U.S.C. § 1332 (a) (1).  For purposes of § 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332 (c) (1).

When a motion to remand is presented to the federal district court, "[i]t is the party seeking to sustain the removal and not the party seeking remand that bears the burden of demonstrating that removal was proper."  *People of New York ex rel. Cuomo v.*

*First American Corp.*, 07 Civ. 10397, 2008 WL 2676618, at *1 (S.D.N.Y. Jul. 8, 2008); *see also United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meridien Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court."); *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (It is the "party invoking the jurisdiction of the federal court [that] has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."). "If the removing party cannot demonstrate federal jurisdiction by 'competent proof,' the removal was in error and the district court must remand the case to the court in which it was filed." *Hill v. Delta Int'l Machinery Corp.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005). Making such a determination requires "looking to the complaint as it existed at the time the petition for removal was filed." *Id.*; *see also United Food*, 30 F.3d at 301 ("[R]emovability is determined from the record as of the time the petition for removal is filed."). Thus here, it is incumbent upon defendant Target to show on the basis of plaintiff's complaint that the case was properly removed to this court in order to defeat plaintiff's motion to remand.

**I. Amount in Controversy**

The amount in controversy requirement here is met because the complaint demonstrates a reasonable probability that the claims will exceed $75,000. Indeed, plaintiff's counsel essentially concedes as much. "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 115 (2d Cir. 2002) (quoting *St. Paul*

*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). But "[w]here the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record." *United Food*, 30 F.3d at 305 (citations omitted); *see also Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 100 (2d Cir. 1966) ("[D]istrict courts are not restricted by the rule adopted here from looking further than the plaintiff's complaint in deciding whether a controversy involves recoverable sums in excess of [that amount].").

Here, plaintiff did not specify the amount of damages in her complaint. The complaint merely states that "plaintiff has been injured and suffered damages in a sum of money having a present value that exceeds the jurisdictional limits of all [New York state] lower courts . . . ." (Compl. ¶ 31.) Because the pleading is "inconclusive as to the amount in controversy," the Court may look "to other evidence in the record" to determine whether it has jurisdiction. *United Food*, 30 F.3d at 305. The facts here are similar to those in *Juarbe v. Kmart Corp.*, 05 Civ. 1138, 2005 WL 1994010 (S.D.N.Y. Aug. 17, 2005). In *Juarbe*, the plaintiff claimed that she suffered "severe and serious personal injuries" due to Kmart's "negligence, carelessness and recklessness," but did not "specify what injury she in fact experienced and how it occurred," or what specific monetary damages she sought. *Id.* at *1. Kmart removed the case to federal court but offered to remand the case if plaintiff agreed to limit her recovery to $75,000; no stipulation was ultimately made. Even though the complaint "does not in fact specify what injury [the] plaintiff suffered and how it occurred" and "does not claim precisely what transpired," the court there found that the plaintiff's vague claims about "severe and serious personal injuries to mind and body, great physical pain and mental anguish, and

severe nervous shock" nonetheless demonstrated a "reasonable probability" that the amount in controversy requirement would be met. *Id.* at *1-2. The court further found that "the idea that plaintiff's claim involves more than $75,000 is supported by the fact that defendant sent plaintiff an offer to stipulate to remand the case to state court if plaintiff would agree to limit her total recovery to $75,000 [but] the offer was not executed or returned." *Id.*; *see also Armstrong v. ADT Sec. Servs., Inc.*, 2007 WL 187693 (S.D.N.Y. 2007) (finding plaintiff's refusal to sign stipulation limiting damages to $75,000 evidenced "reasonable probability" that amount in controversy exceeded that amount). As the record reflects, Defendant's counsel attempted to seek an agreement with plaintiff's counsel to limit plaintiff's damages to $75,000 so as to avoid removal to federal court, (Def.'s Aff. Ex. B.), but plaintiff has not responded to that offer. She could easily defeat removal by simply stipulating an award of less than $75,001, but has not done so. The fact that plaintiff has also made no efforts to amend her complaint despite the removal motion at bar weighs against any "good faith" contention she may have that her damages are less than $75,000. *See Ocean Ships*. 315 F.3d at 115.

       Plaintiff also effectively conceded the amount in controversy issue. In a hearing before this Court on July 18, 2008, the Court inquired as to the damages sought by plaintiff. Plaintiff's counsel rightly noted that under the New York Civil Practice Laws and Rule § 3017 (c), claimants filing in New York State Supreme Court are not to state the amount of their damages in personal injury cases. N.Y. C.P.L.R. 3017 (c) (2003). However, the defendant in such a case is permitted to make a supplemental demand that plaintiff specify within 15 days the damages sought, or may seek a court order to that effect. *Id.* This would of course allow defendant to ascertain whether plaintiff's alleged

5

damages will in fact meet the federal amount in controversy requirement, after which defendant can refile for removal to federal court assuming it does. Upon being asked by the Court whether "the number is going to come in above $75[,000]," plaintiff's counsel readily answered, "Most likely. I think it would be a number that would be *more* than that . . . ." (Hr'g Tr. 7/18/2008 at 3 (emphasis added).) The Court queried once more, saying, "That means, whether it is now or 15 days from now, the [federal] jurisdictional amount is going to be met, right?" to which plaintiff's counsel affirmed, "Yes." *Id.*

Taking the sum of evidence in the record and applying the applicable law, the Court finds that there "appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook America, Inc.*, 14 F.3d at 784. Plaintiff's counsel admits as much. That there "appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" is sufficient for this Court to find the amount-in-controversy requirement met. This Court therefore has original jurisdiction based on diversity if complete diversity of citizenship is met.

**II. Citizenship**

With regard to citizenship, Defendant has met its burden of showing that there is complete diversity between the two sides. Plaintiff alleges in her complaint that Target is incorporated in the State of New York and implies in her motion papers that its principal place of business is also New York, thereby destroying diversity. However, for the reasons that follow, the Court finds that Target is incorporated in Minnesota and that it has its principal place of business in Minneapolis, Minnesota.

The New York State Department of State lists Target Corp. as incorporated in Minnesota. (Simmons Aff. Ex. I.) Further, under Second Circuit precedent, Target's

6

principal place of business is Minnesota. "Courts in the Second Circuit recognize two different tests for determining the principal place of business of a corporation," the choice of which "depends on the structure and nature of the corporation." *Augienello v. F.D.I.C.*, 310 F. Supp. 2d 582, 590 (S.D.N.Y. 2004). "Where corporate operations are spread across numerous states, courts have tended to emphasize those factors that identify the place where overall corporate policy originates." *R. G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979). This is known as the "nerve center" test. *Auginello*, 310 F. Supp. 2d at 590. Under that test, courts focus on those factors that identify the place where the corporation's overall policy originates. *R.G. Barry Corp.*, 612 F.2d at 655. However, "[w]hen a corporation's operations are centralized, courts seek to determine the state in which the corporation has its most extensive contacts with, or greatest impact on, the general public." *Ctr. for Radio Info., Inc. v. Herbst*, 876 F. Supp. 523, 525 (S.D.N.Y. 1995). "This test has . . . been called the 'place of operations' or 'locus of operations' test." *Id.*

In his affidavit, Target's Senior Corporate Counsel, Jason Walbourn, avers that Target's corporate headquarters are located in Minnesota; its Board of Directors meets there quarterly; the corporate executive officers maintain their offices there and operate the corporation from there; and "executive level policymaking and substantive decisions are made by corporate executive officers there." (Simmons Aff. Ex. H.) Given that Target is a large national corporation with numerous stores across the country, the "nerve center" test is the appropriate one to apply here and the Court accordingly concludes that Minnesota is Target Corporation's principal place of business. *See Scot Typewriter Co. v. Underwood Corp.,* 170 F.Supp. 862, 865 (S.D.N.Y.1959) ("Where a corporation is

engaged in far-flung and varied activities which are carried on in different states, its principal place of business is the nerve center from which it radiates out to its constituent parts and from which its officers direct, control and coordinate all activities without regard to locale, in the furtherance of the corporate objective."). Because Minnesota is where Target is incorporated and where its principal place of business is, it is the only state of which Target is a citizen and thus there is complete diversity between the plaintiff, a New York resident, and Target.

Plaintiff has joined Kingsbridge as a defendant. As Kingsbridge is a New York corporation, (Simmons Aff. Ex. D, ¶ 2.), its joinder as a defendant would destroy diversity. However, "[a] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiffs' pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001). "Joinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged." *Allied Programs Corp. v. Puritan Ins. Co.,* 592 F. Supp. 1274, 1276 (S.D.N.Y. 1984) (citations and brackets omitted).

It is well-established in New York case law that "[a]n out-of-possession property owner is not liable for injuries that occur on the property unless the owner has retained

8

control over the premises or is contractually obligated to perform maintenance and repairs." *Grippo v. City of New York*, 45 A.D.3d 639, 640 (2007). Nor does "[a] landlord's limited right of re-entry . . . give rise to liability, unless there exists a significant structural or design defect which violates a specific statutory provision." *Gavallas v. Health Ins. Plan of Greater New York*, 35 A.D.3d 657, 657 (2006).

The complaint alleges neither. Rather, it conclusorily alleges that Kingsbridge had a duty "to inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions." (Compl. ¶ 10.) Plaintiff's counsel further claims that Kingsbridge is "the owner of the property." (Hr'g Tr. 7/18/2008 at 3-4.) During the July 18th hearing, the Court inquired as to the ownership of the parcel on which the Target store sits and the site of the accident. Plaintiff's counsel disputed Target's contention that the parcel is owned by Target. The Court asked plaintiff's counsel, "Would you agree that if the property is owned by Target, that they are the only proper defendant?" Plaintiff's counsel answered, "Yes. If they own the property, they would be." (Hr'g Tr. 7/18/2008 at 7.) Having reviewed the post-hearing letters submitted to the Court pursuant to the Court's order, along with the evidence attached, it remains unclear who precisely owns the land directly under where the injury occurred– although Target produced a deed that shows that it owned the whole parcel at one point, plaintiff submitted evidence that appears to suggest the existence of a subsequent deed between Target and Kingsbridge that Target has failed to disclose to the Court. The Court does not resolve this issue as ownership of the property is not dispositive of plaintiff's motion.

At argument, plaintiff claimed that an "Operation and Easement Agreement" ("agreement") between Target Corporation and Kingsbridge "provides that Kingsbridge has greater rights with respect to [the] property and greater responsibilities than if they had executed a lease" and implies that Kingsbridge has some custodial duties with regard to Target's premises. (Hr'g Tr. 7/18/2008 at 4.) However, § 5.2 of the agreement only provides that the parties must "maintain, or cause to be maintained…the Common Area on its Parcel in a sightly, safe condition and good state of repair." (Simmons Aff. Ex. F at 25.) "Common Area" is defined as "all areas within the exterior boundaries of the Site (other than the portions of the Site where Buildings are located)." (*Id.* at 3.) Because her alleged injuries did not take place in the Common Area, plaintiff's claim that Kingsbridge may be liable for her injuries is without merit since there is no evidence that Kingsbridge is contractually obligated to maintain and repair the interior of the store, or that it is violating some statutory provision.

Plaintiff appears to attempt to distinguish the respective duties of Target and Kingsbridge, noting that Target "maintain[s] the store on the premises" while Kingsbridge "manage[s] the premises." (Compl. ¶ 9, 12.) But as the definition of "Common Area" indicates, Kingsbridge has no duty over those "portions of the Site where Buildings are located." That is to say, Kingsbridge has no contractual responsibility to maintain the land upon which the store sits, i.e., where plaintiff's alleged injuries occurred. The only other part of the agreement that addresses maintenance responsibilities is § 5.3, but it only deals with the "exterior portion[s]" of the buildings– not the interiors–and trash disposal. (*Id.* at 32.) Thus there is nothing in the agreement that plaintiff cites, nor does plaintiff's complaint allege any contractual obligation

between Kingsbridge and Target, which supports joining Kingsbridge as a defendant. Indeed, what *does* appear in the agreement that plaintiff cites indicates that Kingsbridge and Target are merely responsible to each other for the upkeep of the common, i.e., exterior, area.

Based on the complaint, plaintiff fails to show that Kingsbridge has any "real connection with the controversy" so as to support joinder. *Pampillonia*, 138 F.3d at 461. As the Second Circuit has held, "courts [should] overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). Joinder here would be fraudulent since, based on current New York law, "there can be no recovery against [Kingsbridge] under the law of the state on the cause alleged." *Allied Programs Corp.*, 592 F. Supp. at 1276. The Court accordingly finds that defendant Target has shown by clear and convincing evidence "that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Whitaker*, 261 F.3d at 207.

## CONCLUSION

For the reasons stated above, the motion to remand is denied.

SO ORDERED.

Dated: New York, New York
       August 27, 2008

*/s/ Richard J. Holwell*
Richard J. Holwell
United States District Judge

11