# LESTER SCHWAB KATZ & DWYER, LLP
### 120 BROADWAY
### NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

**PAUL E. CARNEY**
Writer's Direct Dial: (212) 341-4393
E-Mail: pcarney@lskdnylaw.com

NEW JERSEY OFFICE
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

August 21, 2008



RECEIVED
AUG 22 2008
CHAMBERS OF
RICHARD J. HOLWELL

<u>Via Facsimile (212) 805-7948</u>

Hon. Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/08

    Re:   <u>Thelma Felipe v. Target Corporation and Kingsbridge Associates, LLC</u>
          Docket No.   : 08 CV 4317 (RJH) (HP)
          Our File No.   : 290/8072/PLK
          Date of Loss   : 9/9/07

Dear Judge Holwell:

    This firm represents defendant Kingsbridge Associates LLC ("Kingsbridge") in the above referenced matter. The purpose of this letter is <u>to request a pre-motion conference, pursuant to your individual practice rule 3A, to obtain permission to file a pre-answer motion to dismiss and/or summary judgment because Kingsbridge does not, as a matter of law, owe plaintiff a duty</u> of care.

    Based upon the prior docket entries for this matter, your Honor is aware that this matter involves an alleged slip and fall in a Target Store located in the River Plaza Shopping Center, on September 9, 2007. Plaintiff's claims against Kingsbridge are based solely upon ownership and maintenance of the subject Target store. However, Kingsbridge does not own the Target store property or have any responsibility for maintaining the inside portion of the store. Indeed, co-defendant Target Corporation ("Target") provided this court and plaintiff's counsel with a Bargain and Sale Deed that indicates that it owned the subject premises on the date of the alleged incident. Further, Target admits in its papers in opposition to plaintiff's motion to remand that Kingsbridge does not maintain the subject premises.

    A sworn affidavit from Kingsbridge's Controller, Mr. Jeff Bernstein, setting forth the above along with a proposed stipulation of discontinuance was provided to plaintiff's counsel. However, plaintiff's counsel has refused to execute the stipulation. Plaintiff's counsel based his decision upon a New York City World Wide Wed site that indicates the subject premises was transferred to Kingsbridge before the alleged incident and an easement.

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Richard J. Holwell
August 21, 2008
Page 2

   First, the web site plaintiff referenced is also able to provide corresponding deeds and the only deed presented to date is the one that indicates Target owns the subject premises. Second, the easement has noting to do with the interior or the subject store. A review of plaintiff's motion to remand fails to cite to any portion of the easement requiring Kingsbridge maintain the interior portion of the store where plaintiff fell.

   In sum, plaintiff has no good faith basis to pursue this case against Kingsbridge. In fact, the only reason plaintiff is pursuing this claim against Kingsbridge is to break diversity and force this matter to be remanded back to state court. It is respectfully submitted that such a purpose without any viable basis to prevail warrants sanctions pursuant to Rule 11 of the Fed R. Civ. Pro. if Kingsbridge is forced to make such a motion.

   Thank you for your attention to this matter.

           Very truly yours,

           LESTER SCHWAB KATZ & DWYER, LLP

           Paul E. Carney [PEC 2147]

PEC:mr
1068647

cc:

*Via Facsimile (212) 244-4757*
Michael J. Asta, Esq.
450 Seventh Avenue, Suite 2205
New York, NY 10123

*Via Facsimile (212) 244-4757*
Marvin N. Romero, Esq.
Simmons Jannace & Stagg, L.L.P.
75 Jackson Avenue
Syosset, New York 11791

*[Handwritten note:]* No pre-motion conference will be required. Kingsbridge may proceed with its motion.

SO ORDERED

*[signature]*
USDJ
8/26/08